899 F.2d 15
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Donald BALL, Defendant-Appellant.
 No. 88-2286.
 United States Court of Appeals, Sixth Circuit.
 April 2, 1990.
 
 Before KENNEDY and RALPH B. GUY, Jr., Circuit Judges, and LIVELY, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Defendant, Donald Ball, appeals his jury trial conviction for conspiring to distribute or to possess with intent to distribute 500 or more grams of cocaine. 21 U.S.C. Sec. 846.
 
 
 2
 Ball argues on appeal that: (1) prejudicial testimony was improperly admitted; (2) the prosecutor made prejudicial remarks in her closing argument; (3) the district judge at sentencing should have subtracted two points from the base offense level rather than adding two points; and (4) the Sentencing Guidelines are unconstitutional.[1]
 
 
 3
 Although we discuss these issues seriatim,[2] we find them to be without merit and will affirm defendant's conviction.
 
 I.
 
 4
 Ball was indicted along with eighteen other defendants in a sixty-three count indictment growing out of a large scale cocaine distribution operation. He was tried along with four other defendants, the remainder of the defendants pled guilty. Although the conspiracy count in the indictment alleged dates of June 1987 through April 1988, the cocaine importation and distribution actually started among some of the defendants in 1986.
 
 
 5
 Since there were multiple defendants and the evidence was extensive, the trial lasted almost a month. Some of the original defendants, who had earlier entered guilty pleas, testified for the government. The principal government witness was Jack Ventimiglia. The evidence presented by the government, if believed, was very strong.
 
 
 6
 As part of its case-in-chief, the government presented testimony showing the involvement of some of the defendants, but not Ball, as early as the summer of 1986. As is often the case, the government was less than crystal clear in pinpointing the exact purpose of this testimony after there was a defense objection. The court admitted it under Fed.R.Evid. 404(b) to show intent. The court also gave a cautionary instruction to the jury on more than one occasion that any quantities of cocaine alluded to outside the period of the charged conspiracy were not to be aggregated with quantities involved during the charged period. Defendant Ball was not specifically implicated by this testimony. Additionally, although the indictment charged possession with intent to distribute over five kilograms of cocaine, Ball was only convicted of the offense of possession of 500 grams of cocaine. Under these circumstances, we find no abuse of discretion in admitting the prior acts testimony. It is clear that the jury was able to follow the court's instruction insofar as aggregating quantities of cocaine was concerned.
 
 II.
 
 7
 Ball claims the prosecutor made improper and prejudicial remarks in her closing arguments. The same allegations of error are raised in the companion case of United States v. Moreno, No. 89-1150, --- F.2d ----, (6th Cir. Mar. 27, 1990), and the discussion and result in that case are controlling here.
 
 
 8
 As we held in Moreno, there was no impropriety in the prosecutor's remarks that required reversal.
 
 III.
 
 9
 Defendant also argues that, based on his role in the conspiracy, the court should have subtracted two points from the base offense level rather than adding two points. Unless the district court's findings underlying the decision to add two points are clearly erroneous, we may not reverse. United States v. Perez, 871 F.2d 45 (6th Cir.1989); 18 U.S.C. Sec. 3742(d).
 
 
 10
 Section 3B1.1(c) of the Sentencing Guidelines provides that "if the defendant was an organizer, leader, manager or supervisor in any criminal activity other than described in (a) or (b), increase by 2 levels." Section 3B1.2(b) provides that "[i]f a defendant was a minor participant in any criminal activity, decrease by 2 levels."
 
 
 11
 Ball argues he was a "minor participant" and that the government casts him in the role of a major player. The court agreed with the government, and we cannot say that this finding was clearly erroneous. The court heard testimony of co-conspirator Ventimiglia, the principal conspirator, as to Ball's role. The government also produced Matthew Ferguson who testified that Ball possessed very large amounts of cocaine. Although Ball argues that Ferguson should not be believed, it was obviously within the discretion of the trial judge whether his testimony should be credited. The witness' testimony was corroborated and buttressed by beeper, hotel and telephone records, as well as by wiretap evidence. The district judge had the benefit of sitting through the entire trial and could compare the role of Ball to that of others who were involved. We find no error in the two-point enhancement.
 
 
 12
 AFFIRMED.
 
 
 
 [1]
 The defendant also puts forth an argument directed at the government's cross-appeal; however, the government has filed no cross-appeal in this case
 
 
 [2]
 Defendant's arguments relative to the constitutionality of the Sentencing Guidelines will not be discussed since all of defendant's contentions have been rejected in earlier cases. See Mistretta v. United States, --- U.S. ---- 109 S.Ct. 647 (1989); United States v. Wilson, 878 F.2d 921 (6th Cir.1989); United States v. White, 869 F.2d 822 (5th Cir.1989)