947 F.2d 944
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Donald Byron BALL, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 91-1394.
 United States Court of Appeals, Sixth Circuit.
 Nov. 1, 1991.
 
 Before RYAN and BOGGS, Circuit Judges, and GODBOLD, Senior Circuit Judge.*
 
 ORDER
 
 1
 Donald Byron Ball appeals from the district court's order denying his motion to vacate sentence, filed pursuant to 28 U.S.C. § 2255. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1988, Ball was convicted by a jury of conspiracy to possess with intent to distribute or to distribute 500 or more grams of cocaine in violation of 21 U.S.C. § 846. He was sentenced to 121 months of imprisonment, followed by three years of supervised release, and was also fined a $50 special assessment. In support of his § 2255 motion, Ball alleged: 1) the jury charge that Ball could be found guilty of either conspiracy to distribute over five kilograms of cocaine, or a "lesser included offense" of conspiracy to distribute 500 or more grams of cocaine, was in violation of his rights under the Double Jeopardy Clause of the Constitution; and 2) the jury instruction permitted the court to subdivide a single criminal conspiracy into multiple conspiracies based on the quantity of drugs involved in the alleged transaction. The district court agreed that the division of the conspiracy offenses into greater and lesser offenses was inappropriate in his case, but based on United States v. Moreno, 899 F.2d 465 (6th Cir.1990), the procedural error did not deprive Ball of a fair trial. On appeal, Ball alleges the same two grounds in support of his motion and also moves for appointment of counsel.
 
 
 3
 Upon review, we conclude that the district court properly denied Ball's motion. A motion to vacate sentence under 28 U.S.C. § 2255 is not a substitute for a direct appeal and Ball has not shown the requisite cause for failure to raise these issues on direct appeal or prejudice to his defense by this failure. United States v. Frady, 456 U.S. 152, 167-68 (1982); United States v. Addonizio, 442 U.S. 178, 184 (1979). Because the government prosecuted Ball based on two charges stemming from a single course of conduct relating to one conspiracy, Ball was not unconstitutionally exposed to double jeopardy or multiple punishments therefrom. United States v. Barrett, 933 F.2d 355, 360 (6th Cir.1991); United States v. Moreno, 899 F.2d at 473.
 
 
 4
 Accordingly, Ball's motion for counsel is denied, and the district court's order denying Ball's motion to vacate is hereby affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable John C. Godbold, Senior Circuit Judge, United States Court of Appeals for the Eleventh Circuit, sitting by designation