947 F.2d 947
 60 USLW 3717
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
2705 NORTH TOWERLINE ROAD, SAGINAW, MICHIGAN; Defendant,
Donald B. Ball; Claimant-Appellant,
Christine Shanteau-Ball, Claimant.
 No. 91-1502.
 United States Court of Appeals, Sixth Circuit.
 Nov. 7, 1991.
 
 1
 Before BOGGS and ALAN E. NORRIS, Circuit Judges, and BERTELSMAN, Chief District Judge.*
 
 ORDER
 
 2
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Claimant Donald Ball took an appeal from a summary judgment for the United States in a civil forfeiture action under 21 U.S.C. § 881. The property, Ball's former residence, was subject to forfeiture as a property used to facilitate illegal drug transactions. The parties have briefed the issues, Ball acting without counsel.
 
 
 4
 Upon review, we conclude that summary judgment was proper because the record reflects that there was no genuine issue of material fact and the United States was entitled to judgment as a matter of law. Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc., 862 F.2d 597, 601 (6th Cir.1988). There is ample evidence in the record to support a finding that Ball used the subject property to facilitate his illegal drug transactions. In addition, we agree that the loss in equity was not so onerous as to amount to a second criminal punishment under United States v. Halper, 490 U.S. 435, 440-51 (1989).
 
 
 5
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable William O. Bertelsman, Chief Judge for the Eastern District of Kentucky, sitting by designation