16 F.3d 1218
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Donald B. BALL, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 93-1977.
 United States Court of Appeals, Sixth Circuit.
 Jan. 24, 1994.
 
 Before: NELSON and NORRIS, Circuit Judges, and ENGEL, Senior Circuit Judge.
 
 ORDER
 
 1
 Donald B. Ball, a pro se federal prisoner, appeals a district court order dismissing his motion to vacate his sentence filed pursuant to 28 U.S.C. Sec. 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1988, a jury convicted Ball of conspiracy to possess with the intent to distribute cocaine. He was sentenced to 121 months of imprisonment plus three years of supervised release. The conviction was affirmed on appeal. United States v. Ball, No. 88-2286, 899 F2d 15 (Table) 1990 WL 36752, at * 2, 1990 U.S. App. LEXIS 4785, at * 5 (6th Cir. April 2, 1990). In June 1990, Ball then filed his first motion to vacate pursuant to Sec. 2255. The motion was denied and this court affirmed. Ball v. United States, No. 91-1394, 947 F.2d 944 (Table) 1991 WL 224118, at * 1, 1991 U.S.App. LEXIS 26453, at * 3 (6th Cir. Nov. 1, 1991). The United States also filed a forfeiture proceeding against Ball's residence. Summary judgment was granted for the United States and this court affirmed. United States v. 2705 North Towerline Rd., Saginaw, Mich., No. 91-1502, 947 F.2d 947 (Table) 1991 WL 229980 at * 1, 1991 U.S.App. LEXIS 26837, at * 2 (6th Cir. Nov. 7, 1991), cert. denied, 112 S.Ct. 1687 (1992).
 
 
 3
 Ball then filed his current motion to vacate arguing that: (1) prejudicial or misleading testimony was knowingly used to secure his conviction; (2) the trial court erred in failing to determine if there was a connection between Ferguson's testimony and the conspiracy; (3) the sentence was clearly erroneous and lacked the adversarial nature constitutionally required; (4) both trial and appellate counsel were ineffective; (5) the forfeiture of his house should be considered a mitigating factor under the Sentencing Guidelines; and (6) his term of supervised release is unconstitutional. The district court denied the motion as abusive.
 
 
 4
 In his timely appeal, Ball raises only his ineffective counsel and mitigating factor arguments. In addition, he contends that the district court erred by dismissing the motion as abusive.
 
 
 5
 Upon review, we affirm the district court's order because Ball has failed to establish the denial of a substantive right or defect in the proceedings that is inconsistent with the rudimentary demands of fair procedure. United States v. Timmreck, 441 U.S. 780, 783-84 (1979); United States v. Ferguson, 918 F.2d 627, 630 (6th Cir.1990) (per curiam).
 
 
 6
 The district court properly concluded that Ball's second Sec. 2255 motion was abusive. McCleskey v. Zant, 111 S.Ct. 1454, 1467 (1991). Furthermore, he has not established cause and prejudice for his failure to raise his claims in his prior motion. Id. at 1470-71. Finally, he has not supplemented his constitutional claims with a colorable showing of factual innocence. See Kuhlmann v. Wilson, 477 U.S. 436, 454 (1986).
 
 
 7
 Accordingly, we affirm the district court's order. Rule 9(b)(3), Rules of the Sixth Circuit.