**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Lawrence WILSON,**
**Defendant–Appellant.**

**No. 88–6086.**

United States Court of Appeals,
Sixth Circuit.

Submitted on Brief May 18, 1989.

Decided June 29, 1989.

W. Hickman Ewing, Jr., U.S. Atty., Timothy R. DiScenza, Asst. U.S. Atty., [COR

NTC gvt] Memphis, Tenn., for plaintiff-appellee.

Leslie I. Ballin, Memphis, Tenn., for defendant-appellant.

Before MARTIN and BOGGS, Circuit Judges; and CONTIE, Senior Circuit Judge.

CONTIE, Senior Circuit Judge.

Defendant Lawrence Wilson appeals the sentence imposed by the district court pursuant to the Federal Sentencing Guidelines (the guidelines), which were promulgated pursuant to the Sentencing Reform Act of 1984, as amended. 18 U.S.C. § 3551 *et seq.* (1982 ed. Supp. IV) and 28 U.S.C. §§ 991–998 (1982 ed. Supp. IV). For the following reasons, we affirm the judgment of the district court.

## I.

On March 11, 1988, government agents executed a search warrant at appellant's home. Appellant shared the home with his girlfriend and her seventeen year old son. When the agents initially confronted appellant he told them he had no guns in the house. While searching the house, however, the agents found a .357 Magnum revolver under a pillow. When confronted with this discovery, appellant admitted that the gun belonged to him. He stated that he took it in trade for some work he had done on a person's car.

On April 12, 1988, the federal grand jury for the Western District of Tennessee indicted appellant, a convicted felon, for unlawfully, knowingly, and intentionally possessing a firearm affecting commerce in violation of 18 U.S.C. § 922(g). On June 9, 1988, appellant pleaded guilty to the offense charged. On June 15th, he filed a motion to preclude the application of the guidelines on constitutional grounds. After a hearing, appellant was sentenced to ten months' imprisonment. Appellant timely appeals.

Appellant argues that the sentencing court misapplied the guidelines by failing to give him a two-level reduction for his acceptance of responsibility and a four-level reduction because he possessed the firearm as collateral for a debt owed him by another party and not for offensive or defensive purposes. Appellant also argues that the guidelines are unconstitutional in the following ways: the composition of the Sentencing Commission violates the doctrine of separation of powers; the service of article III judges on the Commission compromises the judiciary; the President's power to remove the article III judges from the Commission violates the Constitution; Congress unconstitutionally delegated its authority to the Commission; and the guidelines violate due process.[1]

## II.

In the instant case, appellant argues that the district court incorrectly applied the guidelines. Appellate review of sentences under the guidelines is set forth in 18 U.S.C. § 3742, which provides in relevant part as follows:

> **(d) Consideration.**—Upon review of the record, the court of appeals shall determine whether the sentence—
>
> (1) was imposed in violation of law;
>
> (2) was imposed as a result of an incorrect application of the sentencing guidelines;
>
> .  .  .  .  .
>
> The court of appeals shall give due regard to the opportunity of the district court to judge the credibility of the witnesses, and shall accept the findings of fact of the district court unless they are clearly erroneous.
>
> **(e) Decision and disposition.**—If the court of appeals determines that the sentence—
>
> (1) was imposed in violation of law or imposed as a result of an incorrect application of the sentencing guidelines, the court shall remand the case for further sentencing proceedings

---

1. The guidelines have recently withstood these constitutional attacks. *See Mistretta v. United States*, —— U.S. ——, 109 S.Ct. 647, 102 L.Ed.2d 714 (1989) (separation of powers and delegation of authority issues); *United States v. Allen*, 873 F.2d 963 (6th Cir.1989) (due process issue).

with such instructions as the court considers appropriate;

. . . .

## A.

■ Section 3E1.1 of the guidelines allows for a two-level reduction "if the defendant clearly demonstrates a recognition and affirmative acceptance of personal responsibility for his criminal conduct." § 3E1.1(a). Application Note Five to this guideline sets forth the standard of review for decisions made concerning this section: "The sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility. For this reason, the determination of the sentencing judge is entitled to great deference on review and should not be disturbed unless it is without foundation."

The Fifth Circuit has recently elaborated on the standard of review for a district court's "acceptance of responsibility" determination.

> Whether or not a defendant has accepted responsibility for his crime is a factual question. The district court's determination of that question, like its findings with respect to manager status, and minimal participant status, enjoys the protection of the 'clearly erroneous' standard. Because the trial court's assessment of a defendant's contrition will depend heavily on credibility assessments, the 'clearly erroneous' standard will nearly always sustain the judgment of the district court in this area. Indeed, the guidelines specifically state that '[t]he sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility. For this reason, the determination of the sentencing judge is entitled to great deference on review and should not be disturbed unless it is without foundation.'

*United States v. Thomas*, 870 F.2d 174, 176 (5th Cir.1989) (citations omitted).

In his presentence report, the probation officer recommended the two-level reduction for acceptance of responsibility. After hearing the testimony of appellant concerning the circumstances of his arrest, the district court disallowed the two-level reduction.

Appellant argues that he should have been granted the reduction based on Application Note 1(c) to section 3E1.1 which states that the sentencing court in determining whether a defendant qualifies for this reduction should consider "voluntary and truthful admission to authorities of involvement in the offense or related conduct."

The court gave the following rationale for its determination:

> In order that the Court might be in a position to resolve this concern, the defendant took the stand and was asked a series of questions by his attorney. From those questions, the Court learned that the firearm was discovered when officers went to the residence of the defendant where his girlfriend and a teenager were located in a search for contraband. When the officers made inquiry as to whether there were any firearms on the premises, the defendant said there were none. A subsequent search of the premises reflected that there was a .357 Magnum revolver under a pillow on the couch. The defendant then acknowledged that it was his. He entered a voluntary plea of guilty on June 9, 1988, after having been arraigned on May 4, 1988, at which time he plead not guilty. This Court is of the opinion that the defendant did no more than plead guilty to the offense, whereas the Guideline requires recognition and affirmative acceptance of personal responsibility for the criminal conduct.

The essence of the district court's ruling is that appellant's actions—admitting that the firearm was his after its discovery, when he originally denied that a firearm was on the premises and pleading not guilty at arraignment and then pleading guilty at a subsequent hearing—were nothing more than a guilty plea, which does not entitle him to a sentencing reduction as a matter of right.

Given the facts relied on by the district court, we believe its determination of the acceptance of responsibility issue is not

clearly erroneous or without foundation and, therefore, it will not be disturbed.

### B.

■ Finally, appellant argues that he was entitled to a four-level reduction pursuant to section 2K2.1(b)(2) which allows for the reduction "if the defendant obtained or possessed the firearm solely for sport or recreation." Appellant argues that he had taken the gun in pawn for work he had done on another man's car. He notes further that he possessed no bullets for the gun.

The probation officer denied this reduction because the gun was not possessed "solely for sport or recreation." The district court agreed with the probation officer's recommendation, since the appellant asserted that the firearm was possessed as collateral for payment due him for an automotive repair job and not for "sport or recreation."

Appellant argues that section 2K2.1(b)(2) was meant to cover innocent possessions, and that only if the firearm was possessed for offensive or defensive purposes should the reduction not be applied. He argues that his possession was even less offensive than possession for sport or recreation since those activities involve discharging the weapon, while his purpose, use of the firearm as collateral, is not "use" of the firearm at all. He relies on the commentary to section 2K2.1 which reads in relevant part as follows:

*Application Note:*

1. Under § 2K2.1(b)(2), intended lawful use, as determined by the surrounding circumstances, provides a decrease in offense level. Relevant circumstances include, among others, the number and type of firearms (sawed-off shotguns, for example, have few legitimate uses) and ammunition, the location and circumstances of possession, the nature of the defendant's criminal history (*e.g.*, whether involving firearms), and the extent to which possession is restricted by local law.

*Background*

. . . .

Intended lawful use, as determined by the surrounding circumstances, is a mitigating factor.

Commentary to Guideline 2K2.1.

In reaching its decision, the district court gave section 2K2.1 a literal reading and determined that a defendant must possess a firearm for sport or recreation alone to qualify for an offense level reduction. We agree with the district court. Accordingly, we reject appellant's argument that section 2K2.1(b)(2) was written to allow a reduction for any innocent possession. We hold that under guideline section 2K2.1(b)(2) the only "intended lawful use" which would support a decrease in the offense level is sport or recreation.

We find support for our holding in the language of the guideline itself and in the language of guideline section 2K2.2, which sets the offense level for violations of the National Firearms Act.

Had the Sentencing Commission only used the term "intended lawful use" in defining the activity which would allow for a reduction, appellant's "any innocent use" argument may have had merit. However, the fact that the Commission chose to use the unambiguous language "solely for sport or recreation" in the guideline itself leads us to conclude that the Commission meant what it said, and that the only intended lawful use, which would allow a reduction when a felon possesses a firearm, would be sport or recreation. Furthermore, the language of guideline section 2K2.2(b)(3), which sets the offense level for receipt, possession or transportation of firearms in violation of the National Firearms Act, allows a reduction in the offense level "[i]f the defendant obtained or possessed the firearm solely for sport, recreation, or collection." The commentary to section 2K2.2 also uses the term "intended lawful use." The fact that the Commission extended the list of intended lawful uses which would allow a reduction to include "collection" under section 2K2.2, further convinces us that the Commission meant the language in the guideline to be an

 

all-inclusive list. If the Commission had intended to allow for the reduction for any innocent possession, it would not have needed to add the use of "collecting" to the list of lawful uses in section 2K2.2.

For the foregoing reasons, the sentence imposed by the district court is AFFIRMED.