902 F.2d 1570
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee, Cross-Appellant,
v.
Alonzo A. GOMEZ, Defendant-Appellant, Cross-Appellee.
 Nos. 89-1464, 89-1465.
 United States Court of Appeals, Sixth Circuit.
 May 2, 1990.
 
 On Appeal from the United States District Court for the Western District of Michigan.
 W.D.Mich.
 AFFIRMED.
 Before BOYCE F. MARTIN, Jr. and RYAN, Circuit Judges, and JOHN W. PECK, Senior Circuit Judge.
 
 ORDER
 
 1
 Upon consideration of the petition filed by the United States seeking reconsideration of our judgment and opinion of March 16, 1990 in the above-captioned matter;
 
 
 2
 It is ORDERED that that opinion be, and it hereby is withdrawn, to be replaced by the opinion filed simultaneously with this order on May 2, 1990.
 
 OPINION
 
 3
 RYAN, Circuit Judge.
 
 
 4
 Defendant was convicted of conspiracy to distribute a substance containing amphetamine, in violation of 21 U.S.C. Secs. 841(a)(1), 841(b)(1)(C) and 846, and possession with an intent to distribute the substance, contra 21 U.S.C. Secs. 841(a)(1) and 841(b)(1)(C). He received two concurrent fifty-one month sentences to be followed by four years of supervised release, and was assessed $100 in special assessment fees pursuant to the United States Sentencing Commission's Sentencing Guidelines ("the Guidelines").
 
 
 5
 The government now appeals from the district court's sentence due to the lower court's reduction of defendant's offense level on the basis of defendant's acceptance of responsibility. Defendant cross appeals his conviction, asserting that evidence was erroneously admitted under Fed.R.Evid. 404(b). He also appeals his sentence based upon the district court's refusal to reduce the numerical base offense level based on his alleged minor role in the drug conspiracy.
 
 
 6
 We affirm the conviction and sentence.
 
 I.
 
 7
 Alonzo Arturo Gomez, Jr. was arrested along with Christie L. Linton, whose conviction we affirmed in a separate unpublished opinion, United States v. Linton, No. 89-1838 (6th Cir.1990), after he picked up a package containing amphetamine from the United Airlines terminal at the Lansing, Michigan Metropolitan Airport. The terminal was being monitored by Michigan agents of the Drug Enforcement Administration ("DEA") who were conducting a controlled delivery of the package in cooperation with DEA agents stationed in San Diego, California.
 
 
 8
 DEA's subsequent investigation turned up Western Union money transfers signed by Gomez which the trial court admitted as part of the government's case-in-chief under Fed.R.Evid. 404(b). The documents indicated recent money transfers involving Gomez and various Californians which amounted to some $19,000. Gomez had objected to their admission on the basis of Fed.R.Evid. 403, arguing that the government failed to demonstrate that these money transfers were tied in any way to illegal conduct. Gomez was subsequently convicted upon the verdict of a jury.
 
 
 9
 At his sentencing hearing, Gomez asked the court to reduce his base offense level by two because of his acceptance of responsibility, and to reduce it by another two levels since he was a minor participant in the offense. Gomez's mother read two poems Gomez had written which expressed his recognition for wrongs done and willingness to make amends, and Gomez argued that he had been precluded from cooperating with the government since it had refused to talk with him about his willingness to plead guilty to a lesser offense and had withdrawn its proposed plea agreement two days prior to trial. The government opposed the reduction for acceptance of responsibility by noting that Gomez had been uncooperative throughout the proceedings, had not shown a willingness to engage in plea bargaining until the last minute, and, after he was convicted, had refused to speak to the presentence investigator about his involvement in the trafficking offense on fifth amendment grounds. Nevertheless, the court granted Gomez the reduction for acceptance of responsibility, stating:
 
 
 10
 There is at least evidence before the Court that [Gomez was] prepared to accept responsibility. Since the government didn't pursue it, I can't really tell how sincere that was or how much responsibility [he was] willing to accept, and I would assume that that's the type of judgment the Court would have to make if there had been a full and frank discussion between the government and [Gomez] here. But with the government really turning its back on the offers from the defendant, it seems to me that [Gomez is] entitled to the benefits of that, and the Court will accept the defendant's request to reduce the base level ...
 
 
 11
 The court, however, denied Gomez any further reduction on the alleged ground that he was a minor participant in the drug crime because he had failed to meet his burden of proving by a preponderance of evidence that he had only a small role in some larger conspiracy.
 
 II.
 A. The Government's Appeal
 
 12
 The government appeals the district court's decision to give Gomez the two-level reduction for acceptance of responsibility.[1] It argues, in essence, that the court's reason for granting the reduction was to "punish" the government for refusing to negotiate a plea with Gomez just prior to trial, and that this reason is not permitted under the Guidelines. We reject this argument.
 
 The Guidelines provide:
 
 13
 If the defendant clearly demonstrates a recognition and affirmative acceptance of personal responsibility for his criminal conduct, reduce the offense level by 2 levels.
 
 
 14
 United States Sentencing Commission Guidelines Manual, Sec. 3E1.1(a) at 3.21 (rev.ed. 1988) [hereinafter Guidelines Manual ]. A district court's determination as to a defendant's acceptance of responsibility should not be "disturbed unless it is without foundation." Guidelines Manual, Sec. 3E1.1(a) Commentary Note 5, at 3.22. We have determined that this means that such a finding shall not be reversed unless it is clearly erroneous. United States v. Guarin, No. 89-3278, slip op. at 4 (6th Cir. March 14, 1990); United States v. Wilson, 878 F.2d 921, 923 (6th Cir.1989).
 
 
 15
 Contrary to the government's interpretation of the district court's stated basis for finding that Gomez had accepted responsibility, we believe the court was saying that Gomez's evidence of his acceptance of responsibility, specifically his poetic remorse and willingness, albeit belated, to plea bargain, was not adequately rebutted by the government's showing that Gomez had been uncooperative. The district court seems to have believed that the government's refusal to discuss, not necessarily to accept, Gomez's late offer to plead guilty to a lesser offense called into question the government's assertion that Gomez had not accepted responsibility for his wrongs. On that basis, we cannot say that the district court clearly erred in finding that Gomez was entitled to a two-level reduction pursuant to Sec. 3E1.1(a) of the Guidelines.
 
 B. Gomez's Cross Appeal
 1. Conviction
 
 16
 Gomez claims the district court erred in admitting the Western Union money transfers pursuant to Fed.R.Evid. 404(b) and abused its discretion in denying his Fed.R.Evid. 403 objection, thus rendering his trial unfair. We disagree.
 
 Fed.R.Evid. 404(b) states:
 
 17
 Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.
 
 Fed.R.Evid. 403 states:
 
 18
 Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.
 
 
 19
 We agree that the district court improperly admitted the money transfers under Fed.R.Evid. 404(b) since they were not evidence of defendant's "other crimes, wrongs, or acts." Nevertheless, we think they were relevant and admissible as circumstantial evidence of Gomez's involvement in the conspiracy with which he was charged. In receiving evidence not admissible for the reason stated but admissible for other reasons, the trial court commits no reversible error. On that basis, we reject Gomez's argument that the district court abused its discretion in admitting the documents.
 
 2. Sentence
 
 20
 Gomez claims he is entitled to a two level reduction in his sentence pursuant to Sec. 3B1.2(b) of the Sentencing Guidelines because he was a minor participant in the offense for which he was convicted, as evidenced by his lack of wealth and testimony to the effect that his contact person was a "mule," or low level conspirator. We reject this argument.
 
 Section 3B1.2 of the Guidelines states:
 
 21
 Based on the defendant's role in the offense, decrease the offense level as follows:
 
 
 22
 (b) If the defendant was a minor participant in any criminal activity, decrease by 2 levels.
 
 
 23
 Guidelines Manual, Sec. 3B1.2 at 3.6 (rev.ed. 1988). Application Note 3 of the Commentary following Sec. 3B1.2(b) explains:
 
 
 24
 For purposes of Sec. 3B1.2, a minor participant means any participant who is less culpable than most other participants, but whose role could not be described as minimal.
 
 
 25
 Guidelines Manual, at 3.6. And, in the "Background" discussion of this provision, the commentators state that a determination as to whether a defendant fits within Sec. 3B1.2(b) "is heavily dependent upon the facts of the particular case." Guidelines Manual, at 3.6. As such, we must determine whether the district court clearly erred in finding that Gomez was not a minor participant in the conspiracy for which he was convicted.
 
 
 26
 The district court refused to find that Gomez was a minor participant in the conspiracy because:
 
 
 27
 With respect to the offense that [Gomez and his co-defendant] were charged with, that is, what happened in Lansing, bringing in, picking up this package, the evidence was overwhelming at the trial that the defendants were clearly guilty of what they were charged. And looking just strictly at the events in Lansing, it seems to me that they were, the two of them, both of them, were both major players in what occurred in Lansing.
 
 
 28
 The district court found, in effect, that Gomez had not met his burden of proof, by a preponderance of the evidence, that the Lansing pickup was a small part of some larger California conspiracy.
 
 
 29
 Having reviewed the record, we cannot conclude that the district court was clearly erroneous in so ruling. Gomez can point to no evidence on the record of the existence of any larger conspiracy. Nor do we find Gomez's sentence to exceed that permitted under the Guidelines.
 
 III.
 
 30
 For the reasons discussed above, we AFFIRM the judgment of conviction and the sentence.
 
 
 
 [1]
 Pursuant to our request at oral argument, the government has supplemented the record to demonstrate that, prior to filing its notice of appeal with this court, it received the written consent of the Acting Solicitor General, William C. Bryson, to undertake the appeal. Without such approval, this court would lack jurisdiction to hear an appeal by the government from a sentence issued pursuant to the Sentencing Guidelines. See 18 U.S.C. Sec. 3742(b)
 In an unpublished opinion filed March --, 1990, we mistakenly observed that the government had not complied with Sec. 3742(b) by supplementing the record with evidence of the personal approval of the attorney general or the solicitor general for this appeal, and we dismissed the government's appeal. Upon discovery that we were in error, the previous opinion was withdrawn.