909 F.2d 1485
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ronald B. DURANSEAU, Defendant-Appellant.
 No. 89-2164.
 United States Court of Appeals, Sixth Circuit.
 Aug. 9, 1990.
 
 Before BOYCE F. MARTIN, Jr., and DAVID A. NELSON, Circuit Judges; and LIVELY, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 On appeal Ronald Bert Duranseau challenges only the computation of his sentence following his entry of a guilty plea to the interstate transportation of stolen goods, in violation of 18 U.S.C. Sec. 2314.
 
 
 2
 On February 28, 1989, Duranseau was charged in a complaint with the interstate transportation of stolen goods. On March 10, 1989 he was indicted in the Eastern District of Michigan in a two-count indictment charging him with interstate transportation of stolen goods, in violation of 18 U.S.C. Sec. 2314, and sale of stolen goods which travelled in interstate commerce, in violation of 18 U.S.C. Secs. 2315, 3237. The goods involved are rotabroach cutters which were stolen by Duranseau from his employer, Hogan Manufacturing of Flint, Michigan from January 1987 through July 1988.
 
 
 3
 On May 16, 1989, Duranseau entered a guilty plea to the charge of interstate transportation of stolen goods. Pursuant to a plea agreement, the United States dismissed the charge of selling stolen goods which travelled in interstate commerce. The district court requested that a pre-sentence investigation be made. On September 5, 1989, Duranseau filed his objections to the pre-sentence investigation. On September 28, 1989, following a hearing, Duranseau was sentenced to 41 months, or three years and five months, in prison.
 
 
 4
 On appeal, Duranseau contends that the district court erred by failing to adjust his criminal history category and criminal offense level in view of his objections to the presentence report.
 
 
 5
 Duranseau first claims that he incorrectly received two criminal history points for committing a portion of his offense while he was on parole for the commission of a prior offense. Specifically, he asserts that act for which he pled guilty, interstate transportation of stolen goods, was not committed while he was on parole--rather he received the two point increase because the theft of the goods occurred while he was on parole.
 
 
 6
 The record indicates that Duranseau was clearly involved in the theft of nearly $1,000,000 of inventory from his employer, Hogan Manufacturing of Flint, Michigan, from January 28, 1987 through July 11, 1988. These actions occurred while Duranseau was on parole for a prior offense. The date of his actual interstate transportation of the stolen goods occurred after his parole period has ended. Despite the logic of Duranseau's argument, under the broad relevant conduct considerations provided for in the guidelines and decisions in this circuit interpreting those provisions, we must reject his argument.
 
 
 7
 First, for the determination of relevant conduct, the Guidelines provide:
 
 
 8
 Unless otherwise specified, (i) the base offense level where the guideline specifies more than one base offense level, (ii) specific offense characteristics and (iii) cross references in Chapter Two, and (iv) adjustments in Chapter Three, shall be determined on the basis of the following:
 
 
 9
 (1) all acts and omissions committed or aided and abetted by the defendant, or for which the defendant would otherwise accountable, that occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense, or that otherwise were in furtherance of that offense;
 
 
 10
 Guidelines Sec. 1B1.3. The determination of whether acts fall under this expansive language is a factual finding to be made by the district court. Such factual findings will be upheld unless clearly erroneous. See 18 U.S.C. Sec. 3742(e); United States v. Hanley, No. 89-1783 (6th Cir. June 28, 1990); United States v. Perez, 871 F.2d 45, 47-48 (6th Cir.1989). Several decisions in this circuit have upheld the guidelines' allowance of non-charged criminal activity in the determination of the proper criminal history or offense level. See e.g., United States v. Smith, 887 F.2d 104 (6th Cir.1989); United States v. Sailes, 872 F.2d 735 (6th Cir.1989). Consequently, we reject Duranseau's challenge to the guidelines and his challenge to the district court's application to him.
 
 
 11
 Duranseau also challenges the district court's assessment of three criminal history points for his 1971 voluntary manslaughter conviction. He states that the sentence imposed in that conviction occurred more than fifteen years prior to his commencement of the offense in this case. The guidelines provide that three points shall be added to the criminal history category score for each prior sentence of imprisonment exceeding one year and one month. Guidelines Sec. 4A1.1. However, "[a] sentence imposed more than fifteen years prior to the defendant's commencement of the instant offense is not counted unless the defendant's incarceration extended into this fifteen year period." Guidelines Sec. 4A1.1, Application Note.
 
 
 12
 The district court found that the offense in this case began in January 28, 1987 through July 11, 1988. Duranseau was released from prison for his 1971 manslaughter conviction on January 8, 1974--the incarceration period extending well within the 15-year range contemplated by the statute. As we noted earlier, the district court's determination of the beginning of the offense is not clearly erroneous; consequently, the application of the Guidelines was proper on this issue.
 
 
 13
 Duranseau also complains that the district court erred by not granting him a two-point reduction for acceptance of responsibility. The decision to grant a reduction for acceptance of responsibility is also subject to the clearly erroneous standard. United States v. Slatten, 881 F.2d 1077 (6th Cir.1989); United States v. Wilson, 878 F.2d 921 (6th Cir.1989). While Duranseau did plead guilty and assisted in the location of $347,000 of the stolen inventory, he refused to provide information regarding the whereabouts of other missing inventory of other participants in the crime. Consequently, we cannot say that the district court was clearly erroneous in its refusal to grant his request for a two-point reduction.
 
 
 14
 Finally, Duranseau contends that the government breached its plea agreement by using information provided by Duranseau regarding the value of the stolen goods in determining his criminal offense level. The plea agreement specified that the United States would not use information received from Duranseau against him except for perjury and related purposes. It is clear that Duranseau gave the United States information regarding the value of the stolen goods in his possession and the value of stolen goods he helped to recover. However, the total value of the goods stolen by Duranseau was more conclusively determined by Special Agent John F. King who established the inventory losses suffered by Hogan Manufacturing due to Duranseau's activities with the assistance of Allen Turk of Hogan Manufacturing. Those findings, which are more relevant to the determination of the total value of the stolen goods, were made independently of Duranseau's disclosures. Consequently, the plea agreement was not breached.
 
 
 15
 For the foregoing reasons, we affirm.