956 F.2d 1164
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ralph POTTER, Defendant-Appellant.
 Nos. 91-5457, 91-5459.
 United States Court of Appeals, Sixth Circuit.
 March 4, 1992.
 
 Before RYAN and SUHRHEINRICH, Circuit Judges, and CHURCHILL, Senior District Judge.*
 PER CURIAM.
 
 
 1
 Defendant Ralph Potter appeals the sentence imposed by the district court pursuant to the United States Sentencing Guidelines ("U.S.S.G."). We affirm.
 
 
 2
 Potter plead guilty on October 23, 1991, to one count of damaging an archaeological resource, in violation of 16 U.S.C. § 470ee(a)(d) and one count of being a felon in possession of numerous firearms, in violation of 18 U.S.C. § 922(g)(1).
 
 
 3
 On appeal, Potter argues that he was entitled to a six point reduction in his sentence under the 1990 version of U.S.S.G. § 2K2.1(b)(1) in force at the time of his sentencing because the firearms discovered in his home were possessed "solely for lawful sporting purposes or collection...."
 
 
 4
 After a thorough review of the briefs of the parties, the joint appendix and in particular the district court's sentencing hearing transcript, we find no clear error in Potter's sentence. Application Note 2 to the 1990 version of section 2K2.1(b)(1) provides that the defendant's intended lawful use of a firearm is determined by the surrounding circumstances, including "the number and type of firearms (sawed-off shotguns, for example, have few legitimate uses) and ... the nature of the defendant's criminal history (e.g., whether involving firearms)...."
 
 
 5
 In the present case, Potter possessed a number of firearms and he previously had been convicted of an offense involving a firearm. A defendant bears the burden of proving, by a preponderance of the evidence, that he is entitled to the reduction in his base offense level provided by section 2K2.1(b)(1). United States v. Cousens, 942 F.2d 800, 802 (1st Cir.1991) (citing cases). Moreover, a defendant must specifically point to facts showing that the "intended lawful use" of the firearms was sport or collection; no reduction is allowed for mere innocent possession. United States v. Wilson, 878 F.2d 921, 924 (6th Cir.1989).
 
 
 6
 We find that Potter's prior conviction involving a firearm supports the district court's factual finding that these firearms were not possessed "solely for lawful sporting purposes or collection" under U.S.S.G. § 2K2.1(b)(1). Potter introduced insufficient evidence of his intended lawful use for us to find the district court's factual findings clearly erroneous. Accordingly, we AFFIRM.
 
 
 
 *
 The Honorable James P. Churchill, Senior District Judge for the Eastern District of Michigan, sitting by designation