980 F.2d 731
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Appellee,
v.
Ekpenuyik K. OBADI, Defendant-Appellant.
 No. 91-4202.
 United States Court of Appeals, Sixth Circuit.
 Nov. 24, 1992.
 
 Before RALPH B. GUY, Jr., BATCHELDER and LIVELY, Circuit Judges.
 PER CURIAM.
 
 
 1
 Defendant-appellant Ekpenuyik K. Obadi pled guilty to charges involving the possession and use of counterfeit credit cards, bank checks, social security numbers, and identifications. Obadi admitted responsibility for a loss of $1,882.30, resulting from the fraudulent use of one credit card. The district court determined that Obadi was responsible for a total relevant conduct loss of $27,750.23, and sentenced him accordingly under the Sentencing Guidelines. Furthermore, because of the large disparity between the loss admitted by Obadi and the relevant conduct loss determined by the district court, the district court refused to grant Obadi a two-level reduction in sentence for acceptance of responsibility.
 
 
 2
 Defendant-appellant contends that his sentence should be set aside because the government failed to meet its burden of proof to establish the $27,750.23 loss amount, and because the district court erred in not granting a two-level reduction in sentence for acceptance of responsibility.
 
 
 3
 The standard of review under the Sentencing Guidelines with respect to factual findings is whether the findings of the district court were clearly erroneous. 18 U.S.C. § 3742(e). The standard of review with respect to findings of acceptance of responsibility is whether the finding was clearly erroneous or without foundation. United States v. Brown, 946 F.2d 1191, 1197 (6th Cir.1991); United States v. Wilson, 878 F.2d 921, 923 (6th Cir.1989). After having reviewed the briefs and the record in this matter,[1] we conclude that the determination of relevant conduct loss by the district court was not clearly erroneous. We also conclude that the acceptance of responsibility determination by the district court was not clearly erroneous or without foundation. Therefore, we may not set aside either determination. Accordingly, the sentence of Obadi is AFFIRMED.
 
 
 
 [1]
 The parties waived oral argument