996 F.2d 1222
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
UNITED STATES of America, Appellee,
v.
Walter Jerome MASSEY, Jr., Appellant.
 No. 92-3865.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: June 14, 1993.
Filed: July 1, 1993.
 
 Before BOWMAN, Circuit Judge, HEANEY, Senior Circuit Judge, and BEAM, Circuit Judge.
 PER CURIAM.
 
 
 1
 Walter Jerome Massey, Jr., appeals the twenty-one-month sentence imposed by the District Court[1] following his guilty plea to being a felon in possession of a firearm. We affirm.
 
 
 2
 Pursuant to a plea agreement, Massey pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (1988). The plea agreement provided that sentencing guidelines section 2K2.1(a)(2), United States Sentencing Commission, Guidelines Manual, § 2K2.1(a)(2) (Nov. 1, 1990) [hereinafter U.S.S.G.], applied and that Massey's base offense level would be 12. The parties did not agree as to the applicability of the reduction for possession of a weapon solely for lawful sporting purposes or collection under U.S.S.G. § 2K2.1(b)(1), and left that question for the court. The presentence report (PSR) calculated Massey's base offense level as 12, added two levels under U.S.S.G. § 2K2.1(b)(2), because one of the firearms had an altered serial number, and deducted two levels for acceptance of responsibility for a total offense level of 12. Combined with Massey's criminal history category of III, this yielded a sentencing range of 15 to 21 months.
 
 
 3
 Massey objected to the two-level increase and to the denial of the section 2K2.1(b)(1) reduction. Concerning the weapon with the allegedly altered serial number, an Interarms 300 Winchester Magnum rifle, Massey presented a receipt and certificate indicating that it had been purchased by Leroy Gunter and that the factory had assigned to it serial number 302216-the same number that appeared on the weapon. In support of his request for the section 2K2.1(b)(1) reduction, Massey asserted that he had inherited some of the weapons found at his home from his father, that he kept these weapons for hunting purposes and as keepsakes, and that he had been repairing the other weapons for his friends. Thus, he argued that he possessed the weapons for lawful purposes and should receive the reduction or a downward departure under U.S.S.G. § 5K2.0, p.s., because the Sentencing Commission failed to consider possession for lawful purposes other than those specified in section 2K2.1(b)(1).
 
 
 4
 Following a hearing at which both sides presented testimony and the District Court examined the weapon with the allegedly altered serial number, the court found that the serial number had been altered, and sustained the increase. The Court also denied Massey's request for the section 2K2.1(b)(1) reduction and his motion for a downward departure, and sentenced Massey to twenty-one months.
 
 
 5
 On appeal, Massey contends that the District Court erred by (1) imposing the two-level increase for possession of a weapon with an altered serial number; (2) denying his request for the section 2K2.1(b)(1) reduction and his motion for a downward departure; and (3) imposing a three-year term of supervised release.
 
 
 6
 The 1990 version of section 2K2.1(b)(2) provided for a two-level increase if the weapon the defendant possessed had an altered serial number. Whether the rifle's serial number had been altered is a question of fact, subject to review for clear error. 18 U.S.C. § 3742(e)(4) (1988). The government had the burden of proving the applicability of this enhancement at sentencing by a preponderance of the evidence. See United States v. Malbrough, 922 F.2d 458, 464 (8th Cir. 1990), cert. denied, 111 S. Ct. 2907 (1991); United States v. Dinges, 917 F.2d 1133, 1135 (8th Cir. 1990). Though Massey presented evidence to support his contention that the serial number had not been altered, the District Court's finding on this issue is supported by testimony from Deputy United States Marshal Michael Walker and by the court's examination of the weapon. Accordingly, we do not believe the District Court clearly erred by imposing the two-level increase. See Anderson v. City of Bessemer City, 470 U.S. 564, 574 (1985) (factfinder's choice between two permissible views of evidence cannot be clearly erroneous).
 
 
 7
 Massey next contends that the District Court erred by refusing to reduce his base offense level pursuant to section 2K2.1(b)(1). The 1990 version of that section provided: "If the defendant obtained or possessed the firearm ... solely for lawful sporting purposes or collection, decrease the offense level determined above to level 6." Massey had the burden of proving the applicability of this provision by a preponderance of the evidence. United States v. Kissinger, 986 F.2d 1244, 1246 (8th Cir. 1993). Massey argues that because he possessed a number of these weapons for the purpose of making repairs and repairing weapons is a lawful activity, he should receive the reduction. We rejected a similar argument in Kissinger. There, the defendant argued he was entitled to the reduction because he carried a weapon from his gun collection with him on a trip for protection from animals while he was camping alone. We concluded that this use did not fall within the ambit of section 2K2.1(b)(1). Kissinger, 986 F.2d at 1246; see also United States v. Cousens, 942 F.2d 800, 802-04 (1st Cir. 1991). Massey also argues that the District Court erred by denying his motion for a downward departure under section 5K2.0 based on the Sentencing Commission's alleged failure to consider adequately possession of weapons for the purpose of repair. We reject this argument. As a matter of law, we conclude that section 2K2.1(b)(1) reflects the Sentencing Commission's adequate consideration of this subject. See United States v. Wilson, 878 F.2d 921, 924-25 (6th Cir. 1989).
 
 
 8
 Finally, Massey contends the District Court imposed an unauthorized three-year term of supervised release. Massey did not object to this aspect of the sentence in the District Court; thus, he has waived his right to appellate review of this claim unless he can demonstrate plain error resulting in a miscarriage of justice. United States v. Ragan, 952 F.2d 1049, 1049 (8th Cir. 1992) (per curiam). No error occurred, however, because the three-year term of supervised release was expressly authorized by 18 U.S.C. § 3583(b)(2) and U.S.S.G. § 5D1.2(b)(2).
 
 
 9
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable Russell G. Clark, Senior United States District Judge for the Western District of Missouri