25 F.3d 1051
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Lyle M. HELM, Jr., Defendant-Appellant.
 No. 93-2030.
 United States Court of Appeals, Sixth Circuit.
 May 18, 1994.
 
 Before: BOGGS, SUHRHEINRICH and DAUGHTREY, Circuit Judges.
 
 ORDER
 
 1
 This is a direct appeal from a criminal conviction in which the parties have waived oral argument. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1993, Lyle M. Helm, Jr., pleaded guilty to one count of felon in possession of a firearm, in violation of 18 U.S.C. Sec. 922(g)(1). The district court sentenced Helm to a fifty-four (54) month term of imprisonment and this appeal followed.
 
 
 3
 The relevant facts are undisputed. Helm was the object of a two-count indictment. The first count, to which Helm ultimately pleaded, was for a violation of 18 U.S.C. Sec. 922(g)(1), felon in possession of a firearm. The predicate felony conviction for this count was a 1991 conviction for possession with intent to deliver/manufacture marijuana. The second count was for possession of marijuana, in violation of 21 U.S.C. Sec. 844(a), and was later dropped pursuant to the plea agreement. The indictments were issued after law enforcement agents raided Helm's residence pursuant to a search warrant on September 2, 1992. The agents, apparently acting on information that Helm was dealing marijuana, found a loaded .22 calibre rifle, some marijuana residue and possible drug transaction records.
 
 
 4
 Helm entered into a plea agreement. He agreed to plead guilty to the first count of the indictment. The government, in turn, agreed to recommend a two level adjustment for acceptance of responsibility while reserving the right to withdraw the recommendation should subsequent events demonstrate Helm had not accepted responsibility. During the plea colloquy of April 29, 1993, Helm was informed that there was no guarantee that the court would accept the agreement and that, if the court did reject the agreement, Helm would not be permitted to withdraw the plea on that basis. The court concluded by specifically informing Helm that he would likely not receive the acceptance of responsibility adjustment should he test positive for marijuana at any time before sentencing.
 
 
 5
 Helm was sentenced on July 20, 1993. At that time the district court noted, without objection, that Helm had been stopped for a traffic offense outside the jurisdiction almost two months after the entry of his plea. The arresting officer apparently noticed the odor of marijuana in Helm's vehicle. Helm was asked to take a drug screen four days after the vehicle stop. This screen indicated positive for the presence of marijuana. The court reflected upon the nature of the felon/firearm count in relation to the pre-sentence positive marijuana screen. The court then concluded that there was a sufficient nexus between the underlying offense and the post-plea marijuana usage to deny Helm's request for a sentence reduction under U.S.S.G. Sec. 3E1.1 based on his acceptance of responsibility.
 
 
 6
 On appeal, counsel for Helm assigns one error only, namely, that the district court's decision to withhold Sec. 3E1.1 credit because of a positive marijuana test was a misapplication of the guidelines. This is so, counsel contends, because the use of marijuana by Helm is entirely unrelated to the felon/firearm offense for which he was being sentenced. Although counsel has not burdened the court with any case law in support of his position, he effectively restates the arguments set forth by the appellant in United States v. Morrison, 983 F.2d 730 (6th Cir.1993).
 
 
 7
 The determination by a sentencing judge that a defendant did not accept responsibility for his offense is entitled to great deference on review. United States v. Wilson, 878 F.2d 921 923 (6th Cir.1989). Generally, a district court's determination in this regard is held to the clearly erroneous standard and will not be overturned unless it is without foundation. Morrison, 983 F.2d at 732. Particular applications of Sec. 3E1.1 are questions of law and are therefore subject to de novo review. Id.; United States v. Wilson, 920 F.2d 1290, 1294 (6th Cir.1990).
 
 
 8
 The district court did not err in deciding that Helm had not accepted responsibility for his offense. In Morrison, a panel of this court did in fact hold that the base offense deduction under U.S.S.G. Sec. 3E1.1 for acceptance of responsibility contemplates acceptance of responsibility for the specific offense, not for illegal conduct in general. Id. at 735. The panel enumerated classes of conduct which may be considered sufficiently related to the underlying offense to consider in this context. The conduct may be of the same type as the underlying offense, it may be the motivating force behind the offense, it may be related to actions toward relevant government witnesses, or it may involve an otherwise strong link to the underlying offense. Id.
 
 
 9
 In the case at bar, law enforcement officials found marijuana along with the rifle in Helm's residence. It is uncontroverted that many of Helm's prior brushes with the law were connected with the sale and consumption of marijuana. The district court clearly concluded that, under Morrison, there was a strong link between Helm's post-plea marijuana consumption and the offense of conviction (they were "intertwined") to deny his request for an acceptance of responsibility reduction. The uncontroverted facts of Helm's arrest, as well as the district court's express admonition at the plea colloquy, leads to the conclusion that Helm knew what conduct would deny him any chance for a Sec. 3E1.1 deduction and engaged in that conduct anyway. It cannot be said that the district court's decision was clearly erroneous or without foundation. The appeal lacks merit.
 
 
 10
 Accordingly, the district court's judgment is affirmed.