46 F.3d 1132
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Robert W. CARRIER, Defendant-Appellant.
 No. 94-5500.
 United States Court of Appeals, Sixth Circuit.
 Jan. 23, 1995.
 
 Before: KENNEDY and SUHRHEINRICH, Circuit Judges; and HOOD, District Judge.*
 ORDER
 Robert Carrier appeals the sentence he received after his conviction for armed bank robbery, in violation of 18 U.S.C. Sec. 2113(d). The parties have expressly waived oral argument, and this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 In 1994, Robert W. Carrier was charged by superseding information with one count of armed bank robbery, in violation of 18 U.S.C. Sec. 2113(d). Carrier waived indictment and agreed to plead guilty to the information. The district court ultimately sentenced Carrier to a three hundred (300) month term of imprisonment and this appeal followed.
 The sole issue raised by counsel for Carrier is that his base offense level should have been adjusted downward owing to his acceptance of responsibility for the offense. Examination of the record and law reveal the meritless nature of this claim.
 The relevant facts are as follows: Carrier and another robbed the First American National Bank of Nashville, Tennessee on April 6, 1993. Carrier was apprehended shortly thereafter and was placed in the Williamstown County [Tennessee] Criminal Justice Center for pre-trial detention. The pre-sentence report notes that Carrier was twice implicated in escape attempts while in the Williamstown facility and was "a disciplinary problem" during his confinement there.
 Carrier eventually pleaded guilty to one count of armed bank robbery at some time after these escape attempts. The government, in turn, agreed to recommend that Carrier's base offense level be reduced in recognition of his acceptance of responsibility pursuant to USSG Sec. 3E1.1. The government persisted in this position even though the ensuing pre-sentence report contained a recommendation that Carrier's offense level not be adjusted under Sec. 3E1.1. The position taken in the pre-sentence report was based on three factors: Carrier did not timely notify authorities of his involvement in the offense, he did not timely notify authorities of his intent to plead guilty and he had multiple escape attempts in the Williamstown facility. Carrier's behavior at the Williamstown facility was also cited as the basis for an upward adjustment for obstruction of justice pursuant to USSG Sec. 3C1.1.
 The district court proceeded to sentence Carrier with an upward adjustment for obstruction of justice but without a downward adjustment for acceptance of responsibility. In so doing, the court noted the following:
 I am going to make a finding by a preponderance of the evidence that Mr. Carrier did participate in an escape attempt, therefore, the obstruction of justice enhancement is appropriate.
 
 
 1
 I will not give Mr. Carrier acceptance of responsibility, and that determination by me gives considerable weight to the attempted escape in making that determination.
 
 
 2
 On appeal, counsel for Carrier brings one issue for review, namely, whether his client should have received the benefit of the acceptance of responsibility adjustment.
 
 
 3
 USSG Sec. 3E1.1 provides for a downward adjustment in a defendant's base offense level if he clearly demonstrates acceptance of responsibility for the offense. This is largely a factual matter hinging on the sentencing judge's assessment of the defendant's credibility. As such, the district court's decision in this regard is entitled to great deference and will not be disturbed on appeal absent clear error. United States v. Wilson, 878 F.2d 921, 923 (6th Cir.1989). As with any factor going to mitigation, the defendant bears the burden of proof on this issue. United States v. Perry, 908 F.2d 56, 58 (6th Cir.), cert. denied, 498 U.S. 1002 (1990). The entry of a guilty plea, without more, does not automatically earn the defendant an adjustment under Sec. 3E1.1. United States v. Christoph, 904 F.2d 1036, 1040 (6th Cir.1990), cert. denied, 498 U.S. 1041 (1991).
 
 
 4
 Carrier's appellate argument is primarily based on perceived inequities of the plea bargain process. Counsel contends that the government's offer to recommend the acceptance of responsibility adjustment was illusory as the adjustment was apparently going to be denied based on Carrier's Williamstown facility conduct. This, he reasons, is unfair on the facts. "[A] defendant should be allowed to accept responsibility and be given credit for such acceptance, absent clear evidence that he has not done so." Brief of Appellant, p. 9. Counsel points to nothing else in the record indicating Carrier's remorse.
 
 
 5
 Carrier's argument is meritless. At the core, Carrier believes he should not have been denied an adjustment under Sec. 3E1.1 based solely on conduct for which he had already received an upward adjustment for obstruction of justice pursuant to Sec. 3C1.1. This is belied, however, by the plain language of the guidelines. "Conduct resulting in an enhancement under Sec. 3C1.1 (Obstructing or Impeding the Administration of Justice) ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct." USSG Sec. 3E1.1, comment. (n. 4). Only in "extraordinary cases" is a defendant accorded a reduction for acceptance of responsibility while also receiving an enhancement for obstruction of justice. Id; cf. United States v. Aymelek, 926 F.2d 64, 69 (1st Cir.1991). The instant case does not present an "extraordinary case" on the record; indeed, Carrier has not even attempted to satisfy his burden to demonstrate his entitlement to such a sentence reduction. There is no error, clear or otherwise, apparent in the proceedings before the court.
 
 
 6
 Accordingly, the district court's judgment is affirmed.
 
 
 
 *
 The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation