51 F.3d 273
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Thomas ALLEN, Defendant-Appellant.
 No. 93-5576.
 United States Court of Appeals, Sixth Circuit.
 March 29, 1995.
 
 Before: KEITH, RYAN, and DAUGHTREY, Circuit Judges.
 PER CURIAM:
 
 
 1
 Defendant Thomas Allen ("Allen") appeals the sentence imposed following his guilty plea to possession of an unregistered firearm in violation of 26 U.S.C. Sec. 5861(d) and 18 U.S.C. Sec. 2, and to felon in possession of a firearm in violation of 18 U.S.C. Sec. 922(g). Both issues raised by Allen relate to the application of an enhancement and failure to apply a reduction to the "base offense level" under the United States Sentencing Guidelines. For the reasons stated below, we AFFIRM his conviction and sentence.
 
 I.
 
 2
 On the night of October 11, 1991, Officer Clyde Jefferson ("Jefferson") of the Memphis Police Department responded to a call about an armed robbery at the Morleye Apartment Complex. At the complex, a man had been shot in the face by at least two men who had robbed him of shorts, shoes and jacket. While Jefferson was investigating the incident, Allen, his co-defendant and a third individual, drove by the apartment. Witnesses at the crime scene identified the three men in the car as the armed robbers. Based on this identification Jefferson pursued the vehicle.
 
 
 3
 A high speed chase through the residential neighborhood ensued. Initially, the men appeared to pull over but sped away when Jefferson opened his door as if to exit. The perpetrators then drove recklessly, running at least one red light. During the pursuit, Jefferson observed something thrown from the car. When the suspects finally pulled over, Allen jumped from the vehicle and fled on foot. Officers soon discovered Allen hiding in a wooded area. Aware of the prior shooting, the arresting officers immediately asked Allen where the gun was located. Allen then led the officers to where he had thrown the gun from the car.
 
 
 4
 Soon after their arrests, Allen and his co-defendant participated in a police lineup. The victim picked both men as the individuals who robbed and shot him. Witnesses at the crime scene similarly identified Allen's involvement with the assault.
 
 
 5
 On December 17, 1991, the Federal Grand Jury for the Western District of Tennessee returned a three-count indictment against Allen and one co-defendant. Count II charged Allen with being a felon in possession of a firearm in violation of 18 U.S.C. Sec. 922(g) and Count III charged both defendants with possession of an unregistered sawed-off shotgun in violation of 26 U.S.C. Sec. 5861(d) and 18 U.S.C. Sec. 2.[1] In April 1992, Allen pled not guilty. In November 1992, Allen changed his plea to guilty for Counts II and III.
 
 
 6
 Before sentencing, Officer Kyle Aylor testified at a suppression hearing. Aylor stated that he regularly patrols the neighborhood where the shooting occurred and described it as residential where houses, apartments, playgrounds and churches. According to Aylor, at the time of the high speed chase, around 10 p.m., people were often out on the street. Aylor further testified that because the area was residential, after Allen's arrest, his first priority was locating the discarded weapon because it presented danger to the neighborhood.
 
 
 7
 On April 9, 1993, the district court held a sentencing hearing. Following the recommendations of the pre-sentence investigation report ("PSI"), the district court denied Allen a reduction for acceptance of responsibility and enhanced his base offense level for reckless endangerment. The district court found Allen had not accepted responsibility for the underlying assault and denied the reduction. In addition, the district court found that Allen's actions of throwing a sawed-off shotgun from the car and participating in a high speed chase warranted a two-level enhancement for reckless endangerment. The district judge stated that it was unclear who drove the car during the chase. He noted, however, this was irrelevant because the car came to a complete stop during the chase which allowed passengers to exit the car and end their participation in the dangerous conduct.
 
 
 8
 The court departed from the PSI recommendation to cross reference the robbery guideline because the evidence was "just shy" of robbery. The court instead cross referenced the guideline for aggravated assault which subjected Allen to a base offense level of 24. This base offense level, coupled with Allen's criminal history category, resulted in a Guidelines range of 100-125 months. The district judge sentenced Allen to 113 months incarceration. The judge specifically stated he subtracted one year from the 125 month maximum to reflect Allen's admission he was a felon in possession of a firearm. This appeal followed.
 
 II.
 
 9
 Allen first argues the district court erred by denying him a two-level reduction for acceptance of responsibility pursuant to Sec. 3E1.1 of the United States Sentencing Guidelines ("U.S.S.G."). He next argues the district court erred by enhancing his sentence for reckless endangerment pursuant to Sec. 3C1.2 of the U.S.S.G. Both allegations are discussed below.
 
 A.
 
 10
 Section 3E1.1(a) permits a two-level reduction in the sentence of a defendant who "demonstrates a recognition and affirmative acceptance of personal responsibility for his criminal conduct." U.S.S.G. Sec. 3E1.1(a). Under the Guidelines, an appropriate consideration for the court is whether the defendant made a "voluntary and truthful admission to authorities of involvement in the offense and related conduct." See U.S.S.G. Sec. 3E1.1, comment. (n. 1(c)).[2]
 
 
 11
 We review the factual question of whether a defendant has accepted responsibility for his crime for clear error. United States v. Williams, 940 F.2d 176 (6th Cir.) cert. denied, 112 S.Ct. 666 (1991). Because the trial court's assessment of the defendant's contrition depends heavily on credibility assessments, the clear error standard nearly always sustains the judgment of the district court. United States v. Christoph, 904 F.2d 1036, 1041 (6th Cir.1990), cert. denied, 498 U.S. 1041 (1991). Discussing appellate review, the Guidelines note that "the sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility. For this reason, the determination of the sentencing judge is entitled to great deference on review." U.S.S.G., Sec. 3E1.1, comment. (n. 5); See also, United States v. Wilson, 878 F.2d 921, 923 (6th Cir.1989).
 
 
 12
 The defendant must show, by a preponderance of the evidence, that he has accepted responsibility for the purposes of the Guidelines. See Williams, 940 F.2d at 181. A guilty plea does not entitle a defendant to a reduction based on acceptance of responsibility as a matter of right. Christoph, 904 F.2d at 1042.
 
 
 13
 Here, Allen pled guilty for his possession, as a convicted felon, of an unregistered firearm. Allen argues that his guilty plea, coupled with his post-arrest statement of admission, and assistance in finding the discarded weapon established his acceptance of responsibility. He denies any participation in the underlying assault arguing he should not be required to accept responsibility for criminal conduct beyond the specific offense charged.
 
 
 14
 The district judge cross-referenced Allen's firearms offenses to aggravated assault. Although the assault was not charged in federal court, it provided the basis for the firearms charges. Allen does not appeal the propriety of the cross reference; we therefore assume it was proper. The district judge specifically found that Allen participated in the use of the gun in relation to the assault. The court found because Allen denied participation in the assault, he did not accept responsibility and denied a reduction.
 
 
 15
 This circuit recently upheld a denial of acceptance of responsibility where the defendant refused to acknowledge criminal conduct outside that charged in the indictment. See United States v. Clemons, 999 F.2d 154 (6th Cir.1993), cert. denied, --- S.Ct. ----, 1993 WL 433549 (1994). The Clemons court, applying the pre-November 1, 1992 version of the Guidelines, rejected logic from other circuits and followed the rationale from the Fourth Circuit.[3] The panel in Clemons affirmed the denial of a reduction where a defendant denied involvement with drug sales that were established by the testimony of a co-conspirator. Here, because Allen denied participation in the underlying assault, the district court's denial of a reduction for acceptance of responsibility was not clearly erroneous.
 
 B.
 
 16
 Section 3C1.2 permits a two-level enhancement where "a defendant recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer." We review a sentencing court's determination of reckless endangerment for clear error. See United States v. Mills, No. 92-5324, slip op. at 16 (6th Cir. July 19, 1993).
 
 
 17
 Allen does not dispute that he threw a sawed-off shotgun from the car during the chase nor does he dispute his willing participation in a dangerous high speed chase. Rather, he argues the district court improperly enhanced his sentence for reckless endangerment because its findings of a "substantial risk of death or serious bodily injury to another person" were speculative. Allen first asserts Sec. 3C1.2 requires finding a higher level of culpability than mere recklessness. Allen next argues the district court did not find that the presence of the gun where he threw it from the car created a substantial risk of death or bodily harm to another person. He essentially argues his act of throwing a weapon from a car did not create an immediate risk but only created a risk if a child or teenager found the gun and if the gun had been in working condition after being thrown from the car. The speculative nature of the risk, according to Allen, removed any reckless endangerment. The district court found that Allen recklessly created a substantial risk of death or serious bodily injury in the course of fleeing relying on two bases: (1) Allen threw a sawed-off shotgun out of a car into a residential neighborhood where children or teenagers could happen upon it; and (2) Allen participated in a high speed chase through residential neighborhoods. The judge stated that whether Allen participated as the driver or as a passenger was irrelevant because he made no effort to remove himself from the reckless conduct. We agree.
 
 
 18
 Initially, the explicit language of Sec. 3C1.2 permits an enhancement for conduct that was at least reckless and for conduct which includes any higher degree of culpability. Here, Allen discarded a sawed-off shotgun in a residential neighborhood. This conduct was clearly reckless. Next, regardless of whether the gun was loaded or unloaded, he threw it in an area with pedestrian traffic and which was near schools, churches and playgrounds. A child or teenager easily could have recovered the gun and used it; the fact that the police retrieved the gun before this happened did not erase the creation of a substantial risk. The discarding of a firearm while fleeing the police, in this case, "recklessly created a substantial risk of death or serious bodily injury to another."
 
 
 19
 Additionally, Allen willingly participated in a high speed chase through a residential neighborhood with pedestrian traffic. The Guidelines' relevant conduct provision holds a defendant responsible for all acts "for which the defendant would be otherwise accountable." See U.S.S.G. Sec. 1B1.3. The Guidelines explain that a defendant who undertakes criminal activity in concert with others is responsible for all conduct reasonably foreseeable by the defendant. U.S.S.G. Sec. 1B1.3, comment. (n. 1). Here, Allen engaged in a joint effort to assault the victim. He left the scene and returned with his partners in crime. It was within the reasonably foreseeable risks that the driver would travel at dangerously high speeds to elude capture. The district court found that Allen's participation in a high speed chase during which he threw a sawed off shotgun from the car warranted a reckless endangerment enhancement. These findings were not clearly erroneous.
 
 III.
 
 20
 For the reasons stated above, we AFFIRM the district court's denial of a reduction for acceptance of responsibility and enhancement for reckless endangerment.
 
 
 
 [1]
 Count I separately charged Allen's co-defendant with being a felon in possession of a firearm in violation of Sec. 922(g)
 
 
 [2]
 All references to the Guidelines refer to the 1990 version. Although Allen was sentenced in 1992, he was sentenced under the 1990 version of the Guidelines due to ex post facto problems
 
 
 [3]
 The panel in Clemons adopted the logic of the Fourth Circuit as set out in United States v. Frazier, 971 F.2d 1076, 1084 (4th Cir.1992) which held that "conditioning the acceptance of responsibility on a defendant's waiver of his Fifth Amendment privilege against self-incrimination does not penalize the defendant for assertion of his right against self incrimination in violation of the Fifth Amendment." Clemons, 999 F.2d at 161
 The post-1992 Guidelines incorporate this logic. Application note 1(a) now provides:
 A defendant is not required to volunteer, or affirmatively admit, relevant conduct beyond the offense of conviction in order to obtain a reduction under subsection (a). A defendant may remain silent in respect to relevant conduct beyond the offense of conviction without affecting his ability to obtain a reduction under this subsection. However, a defendant who falsely denies, or frivolously contests, relevant conduct that the court determines to be true has acted in a manner inconsistent with acceptance of responsibility.