**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Melvin C. CROSS, Defendant–Appellant.**

**No. 89–1865.**

United States Court of Appeals,
Sixth Circuit.

Submitted Feb. 2, 1990.

Decided March 27, 1990.

---

Jeanine LaVille, Donald A. Davis, Asst. U.S. Attys., John A. Smietanka, U.S. Atty., Brian K. Delaney, Grand Rapids, Mich., for plaintiff-appellee.

Lawrence J. Phelan, Grand Rapids, Mich., for defendant-appellant.

Before MERRITT, Chief Judge, and JONES and RYAN, Circuit Judges.

PER CURIAM.

Defendant, Melvin C. Cross, appeals his conviction and sentence for distribution of cocaine within 1,000 feet of a school. For the following reasons, we affirm.

## I.

On January 25, 1989, a federal grand jury for the Western District of Michigan returned an indictment charging Cross and co-defendant Gina D. Mancha with one count of conspiracy to distribute cocaine in violation of 21 U.S.C. § 846 (1982) and six counts of distribution of cocaine in violation of 21 U.S.C. § 841(a)(1). Counts three through seven of the indictment charged that the distribution took place within 1,000 feet of a school in violation of 21 U.S.C. § 845a. During plea negotiations, the Assistant United States Attorney inquired whether Cross would plead guilty to count three of the indictment in exchange for revealing his sources of cocaine. Cross was not willing to reveal his sources because of the resulting threat to the safety of himself and his family. On April 10, 1989, a plea agreement was reached whereby Cross would plead guilty and provide truthful testimony. However, because Cross would not reveal his sources, the deal was called off.

Just prior to trial, Cross adopted Mancha's motion to quash counts three through seven of the indictment on the grounds that 21 U.S.C. § 845a is unconstitutional. The district court denied this motion prior to trial. At the trial, the plaintiff-appellee, the United States of America (government), introduced evidence that Cross sold cocaine to an informant or an undercover police officer on six occasions. On three of these occasions, the transactions took place in the parking lot of a school; two of the transactions took place at another location within 1,000 feet of a school. On April 21, 1989, after a four-day jury trial, Cross was found guilty on all counts.

At the sentencing hearing, the district court agreed with the recommendation of the probation officer to deny Cross's request for a downward adjustment of two points for acceptance of responsibility for two reasons: (1) refusal to reveal sources of cocaine; and (2) refusal to provide financial information to the court. As such, the court sentenced Cross to 36 months imprisonment on each count, with the sentences to run concurrently.

## II.

Under 21 U.S.C. § 845a, the court can double the penalty for anyone found to distribute cocaine in violation of section 841(a), where that person sold the cocaine within 1,000 feet of a school. Cross contends that his conviction of counts three through seven was improper because section 845a is unconstitutional.

### A.

■ Cross first argues that section 845a violates the equal protection clause. While Cross concedes that section 845a is not subject to heightened scrutiny, he maintains that it does not rationally effectuate Congress' purpose because it is both under- and over-inclusive. Cross contends that section 845a is under-inclusive because the statute does not apply to drug deals that occur in areas such as non-school playgrounds, even though the danger to children is great. Cross also alleges that section 845a is over-inclusive because it applies to transactions that take place between adults in private dwellings within 1,000 feet of schools, even if they occur during times when schools are not in session.

Using the rational relationship test, section 845a has been upheld as not violative of the equal protection clause by both the D.C. and Second Circuits. In *United States v. Falu*, 776 F.2d 46, 48–50 (2d Cir. 1985), the court examined the legislative history, particularly the statements of Senator Paula Hawkins, who sponsored the bill. It concluded that section 845a was intended to send a signal to drug dealers that their presence near schools will not be tolerated. The court added that the purpose of the statute is clear:

> Congress sought to create a drug-free zone around schools; whether it chose to do so directly or indirectly is not particularly relevant. According to its sponsor, the provision was designed to 'deter drug distribution in and around schools,' including transactions which 'take place in remote outdoor areas, at local hangouts, or at nearby homes or apartments,' thereby helping to 'eliminate the outside negative influences' around schools.

*Id.* at 50, quoting 130 Cong.Rec. S559.

In *United States v. Holland*, 810 F.2d 1215 (D.C.Cir.1987), *cert. denied*, 481 U.S. 1057, 107 S.Ct. 2199, 95 L.Ed.2d 854 (1987), the court rejected both of the arguments presented by Cross in the instant case, and held that "the statute is rationally structured to effectuate that purpose [of reducing drugs near schools]." *Id.* at 1219. The D.C. Circuit explained that the statute is not over-inclusive because "[t]he consequences of such transactions inevitably flow from inside the dwellings onto the streets and contribute directly to the violent and dangerous milieu Congress sought to eliminate in the proximity of schools." *Id.* The court also rejected the argument that section 845a is under-inclusive because equal protection of the law does not require Congress to legislate against every possible situation where drugs may be sold to children. *Id.* We adopt the reasoning of *Holland* and thereby hold that section 845a does not violate equal protection.

### B.

■ Cross next contends that section 845a violates due process because it establishes an irrebuttable and irrational presumption that a sale within 1,000 feet of a school should subject Cross to a substantial and greater punishment than would ordinarily be tolerated. Cross argues that the punishment is not appropriate where there is no intent to sell cocaine to school children, and where school children are not involved. He maintains that a doubling of punishment depending upon whether the

drug transaction occurred within 1,000 feet of a school or one foot outside that radius is not rational. Cross cites *Leary v. United States,* 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57 (1969) and *Tot v. United States,* 319 U.S. 463, 63 S.Ct. 1241, 87 L.Ed. 1519 (1943) as support for his argument. In *Tot,* the Court held that a statutory presumption of guilt of importing a firearm based upon the fact that the defendant possessed a firearm violated due process. In *Leary,* the Court decided that a statutory presumption of unlawful importation of marijuana based upon the fact that the defendant possessed marijuana violated due process.

In *Holland,* the D.C. Circuit rejected a similar due process challenge to section 845a. It distinguished *Tot* and *Leary,* noting that in those two cases, the Court stated that *guilt* could not be presumed based upon another set of facts. 810 F.2d at 1220–21. In contrast, section 845a does not presume guilt; instead, it increases the punishment where a particular set of facts (drug transactions near a school) is found to exist. The court concluded that Congress' decision to provide greater penalties for those selling drugs within 1,000 feet of a school was reasonably related to its purpose of protecting the children in schools from crime and drugs. *Id.* at 1221. *See also United States v. Agilar,* 779 F.2d 123, 125–26 (2d Cir.1985), *cert. denied,* 475 U.S. 1068, 106 S.Ct. 1385, 89 L.Ed.2d 609 (1986) (section 845a does not violate due process because it is rationally related to goal of reducing availability of drugs near a school). Therefore, we hold that section 845a does not establish an irrational presumption of guilt in violation of due process.

### C.

■ Cross also contends that section 845a violates due process because it does not require him to have knowledge of the fact that the school was within 1,000 feet of the drug transaction. Cross relies upon *Liparota v. United States,* 471 U.S. 419, 105 S.Ct. 2084, 85 L.Ed.2d 434 (1985), where the Supreme Court held that the government had to prove that the defendant knew that his acquisition of food stamps was in a manner unauthorized by the statute. The Court noted that "requiring *mens rea* is in keeping with our longstanding recognition of the principle that 'ambiguity concerning the ambit of criminal statutes should be resolved in favor of the rule of lenity' ... [unless it] would conflict with the implied or expressed intent of Congress." *Id.* at 427, 105 S.Ct. at 2089 (citation omitted). Cross maintains that the intent of the present statute is unclear; thus, knowledge of the proximity of the school should be read as an element of the offense.

In *Falu,* the Second Circuit held that the intent of Congress is clear: section 845a does not expressly require *mens rea;* and the purpose of the statute—deterring drug distribution in or around schools—suggests that Congress did not incorporate any *mens rea* requirement into the statute. 776 F.2d at 50. Moreover, the court noted that section 845a does not criminalize otherwise innocent activity, for the statute applies only to persons who have violated 21 U.S.C. § 841(a)(1), which already contains a *mens rea* requirement—"knowingly or intentionally ... distribute ... a controlled substance." Thus, the court held that section 845a "resembles other federal criminal laws, which provide enhanced penalties or allow conviction for obviously antisocial conduct upon proof of a fact of which the defendant need not be aware." *Id.* The court concluded that Congress intended that dealers bear the burden of ascertaining where schools are located and removing their operations from those areas. *Id.* Similarly, in *Holland,* the D.C. Circuit stated that it would not "be appropriate to apply the rule of lenity here, where the application would 'undercut the unambiguous legislative design' of the section." 810 F.2d at 1223 (citation omitted). Based upon the analysis in *Holland* and *Falu,* we hold that the lack of knowledge of the proximity of a school does not violate due process.

### III.

■ Under the Sentencing Guidelines, § 3E1.1, a defendant may receive a two-

point reduction in his base offense level for acceptance of responsibility. Whether or not a defendant has accepted responsibility for his crime is a factual determination, to be reviewed under the "clearly erroneous" standard. *United States v. Wilson*, 878 F.2d 921, 923 (6th Cir.1989). "The sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility. For this reason, the determination of the sentencing judge is entitled to great deference on review and should not be disturbed unless it is without foundation." *Id.*, quoting *United States Sentencing Commission Guidelines Manual* (*Manual*), Commentary to § 3E1.1 at 3.22.

■ Cross argues that the district court's denial of a two-point reduction in his base offense level for acceptance of responsibility was without foundation. Under Section 3E1.1 of the Guidelines, the defendant accepts responsibility when he "clearly demonstrates a recognition and affirmative acceptance of personal responsibility for his criminal conduct." The Commentary to Section 3E1.1 sets forth the following considerations for determining whether the defendant accepted responsibility:

(a) voluntary termination or withdrawal from criminal conduct or associations;

(b) voluntary payment of restitution prior to adjudication of guilt;

(c) *voluntary and truthful admission to authorities of involvement in the offense and related conduct;*

(d) voluntary surrender to authorities promptly after commission of the offense;

(e) voluntary assistance to authorities in the recovery of the fruits and instrumentalities of the offense;

(f) voluntary resignation from the office or position held during commission of the offense; and

(g) the timeliness of the defendant's conduct in manifesting the acceptance of responsibility.

*Manual* at 3.21 (emphasis added). In *United States v. Luster*, 889 F.2d 1523, 1526 (6th Cir.1989), this court held that an individual who pled guilty may be found not to have accepted responsibility because he did not promptly surrender to authorities or cooperate initially.

The district court in the instant case found that Cross did not meet any of the above criteria for two reasons. First, Cross refused to admit responsibility for his related conduct, which includes the sources of cocaine. Second, Cross did not provide financial information that was necessary for the court to discharge its responsibilities. In order to assess an appropriate fine based upon Cross's ability to pay, the court had to possess this financial information.

We hold that the district court's determination that Cross was not entitled to a two-point reduction was not "without foundation." Cross did not meet any of the factors for acceptance of responsibility listed in the commentary to the Guidelines. Moreover, Cross refused to provide financial information so that the court could assess a fine proportional to his ability to pay. Cross asserts that because there was a civil forfeiture action proceeding against him at the time, his disclosure of the financial information would violate his fifth amendment right to remain silent. However, the fifth amendment is not implicated in civil matters, and Cross never argued that the financial information incriminated him in any way.[1]

IV.

For the foregoing reasons, we AFFIRM the judgment of the district court.

---

1. With respect to Cross's unwillingness to reveal his sources, we are uncertain that this is an appropriate consideration in determining whether to award a two-point reduction for acceptance of responsibility. It may be more properly considered in section 5K1.1, which provides in its commentary that "[s]ubstantial assistance is directed to the investigation and prosecution of criminal activities by persons other than the defendant while acceptance of responsibility is directed to the defendant's affirmative recognition of responsibility for his own conduct."

RYAN, Circuit Judge, concurring separately.

While I concur without reservation in the court's judgment in this case and its disposition of the issues discussed in part II. of its opinion, as to part III., I concur in the result only. My limited agreement with the court's reasoning in part III. is a result of my disagreement that the district court was justified in holding that the defendant's refusal to identify for the government the persons "up the ladder" who are his drug suppliers is a sound basis for refusing to award the defendant a two point reduction of the relevant base offense level for "acceptance of responsibility." In my judgment, on the facts of this case, the defendant's refusal to identify his suppliers—a refusal based on the defendant's claim that to do so "might be a death sentence"—is not a basis for refusing to award a two point reduction for "acceptance of responsibility," and a conclusion that it is "without foundation."

While the court observes in a footnote to its opinion that it is "uncertain that this is an appropriate consideration in determining whether to award a two point reduction for acceptance of responsibility," I would go further and hold that it is not. Nevertheless, since the district court declined to award the two point reduction for the additional reason that the defendant refused to disclose his financial circumstances, a basis which entirely justifies the court's refusal to award the two point reduction, I concur in the court's judgment affirming the judgment of the district court.