UNITED STATES, Plaintiff,

v.

George HICKEY, Jr., et al., Defendant.

No. 92–CR–80169–DT.

United States District Court,
E.D. Michigan, S.D.

May 17, 1993.

Jonathan Tukel, Asst. U.S. Atty., for plaintiff.

Paul Mueller, Southfield, MI, for defendant.

## OPINION AND ORDER DENYING DEFENDANT'S MOTION CHALLENGING THE CONSTITUTIONALITY OF 21 U.S.C. §§ 841(b)(1)(A)(iii) and 860(a)

ROSEN, District Judge.

### I. INTRODUCTION

This matter is presently before the Court on Defendant's December 15, 1992 motion challenging the constitutionality of 21 U.S.C. §§ 841(b)(1)(A)(iii) and 860(a). Plaintiff filed a January 12, 1992 response, and pursuant to Local Rule 7.1(e)(2), the Court will decide the matter without a hearing.

### II. FACTUAL BACKGROUND

After a jury trial, Defendant was convicted of two counts: (1) conspiring to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. § 841; and (2) distribution of 50 grams or more of cocaine base within 1,000 feet of a school in violation of 21 U.S.C. § 860(a). Prior to trial, the government filed an Information for Enhanced Statutory Penalties. As Defendant indisputably has two previous felony drug convictions, the mandatory sentence for the instant offense is life imprisonment. 21 U.S.C. § 841(b)(1)(A)(iii). Defendant has now filed a motion challenging the constitutionality of his mandatory life sentence and his conviction pursuant to 21 U.S.C. § 860(a).

### III. ANALYSIS

#### A. THE EIGHTH AMENDMENT'S PROHIBITION AGAINST CRUEL AND UNUSUAL PUNISHMENT.

Defendant contends that 21 U.S.C. §§ 841(b)(1)(A)(iii) and 860(a) are unconstitutional pursuant to the Eighth Amendment's prohibition against cruel and unusual punishment.[1]

---

1. The Eighth Amendment provides:

Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual pun-

The Supreme Court recently revised the constitutional inquiry regarding the Eighth Amendment in *Harmelin v. Michigan,* —— U.S. ——, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991). In *Harmelin,* the defendant was convicted in state court of possessing 672 grams of cocaine, for which the state court sentenced him to a mandatory term of life imprisonment without possibility of parole. The state appellate court upheld the constitutionality of the sentence, and the Michigan Supreme Court denied leave to appeal. *Id.*

The United States Supreme Court affirmed the state courts and upheld the constitutionality of the sentence. *Id.* The Court held that the imposition of a mandatory sentence of life imprisonment without possibility of parole did not constitute cruel and unusual punishment. *Id.* —— U.S. at ——, 111 S.Ct. at 2701. The Court held that the Eighth Amendment does not require that courts take account of mitigating factors when imposing a sentence, because "[s]evere mandatory penalties may be cruel, but they are not unusual in the constitutional sense, having been employed in various forms throughout our Nation's history." *Id.* —— U.S. at ——, 111 S.Ct. at 2701.

In that case, the Justices differed as to how a court should assess an alleged Eighth Amendment violation. Justice Scalia, joined by Chief Justice Rehnquist, opined that the Amendment contained no proportionality guarantee and, thus, a court may determine whether a punishment is "cruel and unusual" without referring to the particular offense. *Id.* —— U.S. at ——, 111 S.Ct. at 2692. In so holding, those justices favored overruling the proportionality test developed in *Solem v. Helm,* 463 U.S. 277, 292, 103 S.Ct. 3001, 3011, 77 L.Ed.2d 637 (1983)[2] and, instead, suggested that courts focus on whether a particular punishment is both inhumane and unusual.

In contrast, although agreeing that the sentence did not violate the Eighth Amendment, Justice Kennedy, joined by Justices O'Connor and Souter, opined that the amendment did require a limited proportionality analysis. According to Justice Kennedy, "[T]he Eighth Amendment does not require strict proportionality between crime and sentence. Rather, it forbids only extreme sentences that are 'grossly disproportionate' to the crime." *Id.* —— U.S. at ——, 111 S.Ct. at 2705 (citations omitted); *see also United States v. Warren,* 973 F.2d 1304, 1311 (6th Cir.1992) (adopting this standard to uphold fifteen year sentence under the Armed Career Criminal Act).

In assessing whether the sentence was "grossly disproportionate" to the crime, Justice Kennedy noted language in other Supreme Court cases suggesting that mandatory life imprisonment for similar crimes did not violate the constitution. For example, Justice Kennedy noted, "No one suggests that [a statute providing for life imprisonment without parole] may not be applied constitutionally to fourth-time heroin dealers or other violent criminals." *Harmelin,* —— U.S. at ——, 111 S.Ct. at 2705 (quoting *Solem v. Helm,* 463 U.S. 277, 299, 103 S.Ct. 3001, 3014, 77 L.Ed.2d 637 (1983)). In addition, Justice Kennedy pointed out that a rational basis existed for "Michigan to conclude that petitioner's crime is as serious and violent as the crime of felony murder without specific intent to kill, a crime for which 'no sentence of imprisonment would be disproportionate.'" *Id.* —— U.S. at ——, 111 S.Ct. at 2706 (quoting *Solem v. Helm,* 463 U.S. 277, 290 n. 15, 103 S.Ct. 3001, 3009 n. 15, 77 L.Ed.2d 637 (1983)).

In *United States v. Hopper,* 941 F.2d 419, 422 (6th Cir.1991), the Sixth Circuit adopted the Supreme Court's new Eighth Amendment analysis. In that case, the defendant was convicted of engaging in the sale of firearms without registering and paying a special tax. The Sixth Circuit rejected the defendant's argument that a ten-month sentence of imprisonment violated the Eighth Amendment:

---

ishments inflicted.
U.S. Const. amend. VIII.

**2.** The *Solem* Court had held that a court's proportionality analysis should be guided by objective criteria, including (1) the gravity of the offense and the harshness of the penalty, (2) the sentences imposed on other criminals in the same jurisdiction, and (3) the sentences imposed for commission of the same crime in other jurisdictions. *Solem,* 463 U.S. at 292, 103 S.Ct. at 3011.

Hopper's ten-month jail term easily survives the 'narrow proportionality principle' applied by the *Harmelin* plurality, the opinion that is, we believe, binding upon us. Under this approach, there is no requirement of strict proportionality; *the eighth amendment is offended only by an extreme disparity between crime and sentence.* We seen no such disparity in this case. Furthermore, Justice Kennedy analyzed the seriousness of the offense generically in terms of the threat to society posed by the type of conduct at issue in that case rather than the specific threat caused by Mr. Harmelin himself. The unauthorized distribution or use of dangerous weapons constitutes a sufficiently grave threat to society that a sentence of ten months is more than justified.

*Id.* at 422 (citations omitted) (emphasis added).

Thus, in the instant case, the Court must assess whether the mandatory term of life imprisonment is "grossly disproportionate" to the crimes of conspiring to distribute cocaine and distributing cocaine within one thousand feet of a school. In particular, the Court must assess whether a mandatory life imprisonment sentence, imposed for having been convicted of three felony drug crimes, constitutes an "extreme disparity" between crime and sentence.

### B. *21 U.S.C. §§ 841(b)(1)(A)(iii) AND 860(a) ARE CONSTITUTIONAL.*

Under either test enunciated in *Harmelin v. Michigan,* —— U.S. ——, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991), 21 U.S.C. §§ 841(b)(1)(A)(iii) and 860(a) are constitutional. Whereas the statutes are constitutional under Justice Scalia's inquiry because mandatory life imprisonment without parole is not unusual, the statutes are constitutional under Justice Kennedy's analysis because the sentence is not "grossly disproportionate" to a third felony drug offense or distributing drugs near a school.

### 1. 21 U.S.C. § 841(b)(1)(A)(iii).

■ This statute provides that a person who manufactures, distributes, or possesses with intent to manufacture or distribute 50 grams or more of a substance which contains cocaine base, shall be sentenced to a term of imprisonment which may not be less than 10 years or more than life. 21 U.S.C. § 841(b)(1)(A)(iii). The statute further provides that if any person commits a violation of this section after two or more prior convictions for a felony drug offense, such person shall be sentenced to a mandatory term of life imprisonment without parole. *Id.*

One appellate court has already upheld the constitutionality of this statute. In *United States v. McKines,* 917 F.2d 1077 (8th Cir. 1990), *aff'd on reh'g,* 933 F.2d 1412 (8th Cir.), *cert. denied,* —— U.S. ——, 112 S.Ct. 593, 116 L.Ed.2d 617 (1991), the Eighth Circuit held that a mandatory life sentence without parole for a third-time drug offender did not constitute cruel and unusual punishment. *Id.* at 1081. The *McKines* decision came before *Harmelin* and, thus, the Eighth Circuit applied the proportionality test. The court stated,

In analyzing the proportionality of McKine's penalty with his crime we have considered several factors. The offense he committed is very serious. Congress has proven how strongly it feels about drug offenses by enhancing the penalty for repeat offenders. While the penalty is harsh, the offender bears the risk of receiving this penalty by continuing to traffic in drugs. Congress has reserved life sentences for serious offenses and by amending section 841(b)(1)(A) to include a mandatory life sentence has clearly shown us it considers repeat drug offenses to be serious crimes. The government has a significant interest in isolating these repeat offenders. *Solem v. Helm,* 463 U.S. 277, 296, 103 S.Ct. 3001, 3012, 77 L.Ed.2d 637 (1983). For these reasons we hold that a mandatory life sentence for a third conviction for drug trafficking is not cruel and unusual punishment under the Eighth Amendment.

*Id.* at 1081.

The Court agrees with the Eighth Circuit's analysis and, thus, even under the old proportionality test, 21 U.S.C. § 841(b)(1)(A)(iii) does not constitute cruel and unusual punishment. Thus, *a fortiori,* under Justice Sca-

lia's inhumane and unusual test and under Justice Kennedy's "limited" proportionality test, the statute survives constitutional scrutiny. In other words, the instant sentence is neither uncommon, nor "grossly disproportionate" to the instant crime. As the *McKines* court explained, Congress has expressed its abhorrence with repeated drug offenders and, therefore, life imprisonment for a defendant that has been convicted of three separate drug felonies does not constitute an instance of gross disparity between crime and sentence. *See also United States v. Dunson,* 940 F.2d 989, 995 (6th Cir.1991) (upholding the constitutionality of 21 U.S.C. § 841(b)(1)(A)(ii) where it resulted in sentencing a defendant with only one prior drug conviction to 20 years in prison), *cert. denied,* —— U.S. ——, 112 S.Ct. 1488, 117 L.Ed.2d 629 (1992).[3]

**2. 21 U.S.C. § 860(a).**

■ This statute provides for enhanced penalties for distributing drugs within 1,000 feet of a school. 21 U.S.C. § 860(a). Specifically, the statute authorizes a court to sentence a defendant to twice the maximum punishment authorized by § 841(b).

· The Sixth Circuit has held that the statute's predecessor, § 845(a), does not violate the constitutional principles of due process or equal protection. *See United States v. Cross,* 900 F.2d 66 (6th Cir.1990). The *Cross* court set forth the purpose of the statute:

> Congress sought to create a drug-free zone around schools; whether it chose to do so directly or indirectly is not particularly relevant. According to its sponsor, the provision was designed to 'deter drug distribution in and around schools,' including transactions which 'take place in remote outdoor areas, at local hangouts, or at nearby homes or apartments,' thereby helping to 'eliminate the outside negative influences' around schools.

*Id.* at 68 (quoting *United States v. Falu,* 776 F.2d 46, 50 (2d Cir.1985) (quoting 130 Cong. Rec. S559)).

**3.** The Court notes that the Supreme Court upheld the sentence of mandatory life imprisonment in *Harmelin* even though the defendant in that case had merely been convicted of posses-

In light of the crucial purpose behind Congressional intent to create a drug free zone in and around schools, the Court finds that even under the limited proportionality test, a sentence of twice that authorized by § 841(b) is not "grossly disproportionate" to the crime of distributing drugs near a school. Thus, there is no "extreme disparity" between conspiring to distribute drugs near a school and doubling the authorized maximum punishment when a defendant commits a drug related crime near a school.

**IV. CONCLUSION**

For the foregoing reasons, the Court finds that neither 21 U.S.C. § 841(b)(1)(A)(iii), nor 21 U.S.C. 860(a) violate the Eighth Amendment's prohibition against cruel and unusual punishment.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant's motion challenging the constitutionality of 21 U.S.C. §§ 841(b)(1)(A)(iii) and 860(a) be, and hereby is, DENIED.

sion and had no prior felony convictions. In the instant case, Defendant has been convicted of conspiracy to distribute and has been convicted of felony drug crimes on two other occasions.