**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Donald Ray NANCE, Defendant–
Appellant.**

No. 01–1143.

United States Court of Appeals,
Sixth Circuit.

Nov. 6, 2002.

Before KENNEDY, NORRIS and BATCHELDER, Circuit Judges.

KENNEDY, Circuit Judge.

Defendant Donald Ray Nance appeals the sentence imposed under the United States Sentencing Guidelines after his conviction on tax evasion and bank fraud

charges. Finding no error in the imposition of the challenged enhancement, we affirm.

## I.

Nance was the chief financial officer of ServiceMax Tire and Auto Centers of Michigan. In 1993 and 1994, he prepared two sets of employment tax returns—one stating the correct amount of tax due. which he sent to corporate headquarters, and the other stating a lower amount due, which he sent to the Internal Revenue Service. Nance stole the excess paid by his employer, forged the company bookkeeper's name, destroyed company documents, and did not report the embezzled amount on his personal income tax. Nance also defrauded Bank One by falsely claiming that he was president of his company in order to obtain a line of credit from the bank, and making false statements on a home equity loan application.

Nance pled guilty and was sentenced to 70 months incarceration plus five years of supervised release, as well as substantial monetary restitution. The initial presentence investigation report recommended that Nance receive an enhancement for obstruction of justice and a reduction for acceptance of responsibility. After the presentence report was prepared, however, probation officers discovered that Nance had provided false financial information in an attempt to conceal his assets. On that basis, the court rejected the acceptance of responsibility reduction. The sentencing judge also applied an abuse of trust enhancement on the grounds that Nance had abused the trust placed in him by his employer by taking advantage of his position as chief financial officer to embez-

zle money. Nance appeals both of these sentencing decisions.

## II.

### A. The Denial of an Acceptance of Responsibility Reduction

The Sentencing Guidelines allow a two-level reduction in total offense level "if the defendant clearly demonstrates acceptance of responsibility for his offense." United States Sentencing Guidelines § 3E1.1(a). The district court's determination that a defendant is not entitled to an acceptance of responsibility adjustment is reviewed for clear error. *United States v. Christoph*, 904 F.2d 1036, 1040 (6th Cir.1990), *cert. denied*, 498 U.S. 1041, 111 S.Ct. 713, 112 L.Ed.2d 702 (1991). "The determination of the sentencing judge is entitled to great deference on review and should not be disturbed unless it is without foundation." *United States v. Wilson*, 878 F.2d 921, 923 (6th Cir.1989).

■ Nance contends that the district court denied the adjustment as a substitute punishment for obstruction of justice, rather than engaging in a genuine inquiry as to his acceptance of responsibility. The district court did note that because Nance had already received an obstruction of justice enhancement, that avenue for addressing Nance's continuing deceptive behavior was not available to the court. However, the district court did not stop there; it linked Nance's deception to his lack of recognition and affirmative acceptance of responsibility. Although Nance fully admitted the truth of the charges against him, the district court found that his failure to expose his assets so that the court might impose the appropriate penalty for his offense demonstrated an unwillingness to face the full ramifications of his actions.[1]

---

1. The court noted that "after [Nance] did these—committed these criminal acts for

which he finally admitted his guilt, but then to go on with this pattern in an attempt or what

*See United States v. Cross,* 900 F.2d 66, 70 (6th Cir.1990) (affirming the denial of an acceptance of responsibility reduction in part because the defendant "refused to provide financial information so that the court could assess a fine proportional to his ability to pay."). *See also United States v. Loeb,* 45 F.3d 719 (2d Cir.1995), *cert. denied,* 514 U.S. 1135, 115 S.Ct. 2017, 131 L.Ed.2d 1015 (1995) (denying acceptance of responsibility adjustment where defendant fled to avoid sentencing). The fact that Nance interfered with the judicial system's ability to prosecute and punish his crimes even after he entered a guilty plea indicates that Nance had not accepted responsibility for his criminal conduct. *See, e.g., United States v. Honken,* 184 F.3d 961, 970 (8th Cir.1999) (noting that "virtually every defendant who receives an acceptance of responsibility adjustment commits no obstruction of justice between the guilty plea and the sentencing hearing, for post-plea obstructive conduct would almost certainly be disqualifying."), *cert. denied,* 528 U.S. 1056, 120 S.Ct. 602, 145 L.Ed.2d 500 (1999). His prior obstructive acts, which resulted in the original enhancement for obstruction of justice, also support the district court's decision, for it is only the "extraordinary case" in which both an obstruction of justice enhancement and an acceptance of responsibility reduction apply. U.S.S.G. § 3E1.1(a), cmt. n. 4. The district court's decision not to award the reduction is not clearly erroneous.

## B. The Application of an Abuse of Trust Enhancement

A defendant's offense level will be enhanced by two levels if he abuses a position of public or private trust "in a manner that significantly facilitated the commission or concealment of the offense." U.S.S.G. § 3B1.3. "For this adjustment to apply, the position of public or private trust must have contributed in some significant way to facilitating the commission or concealment of the offense." U.S.S.G. § 3B1.3, cmt. n.1. The determination that a defendant occupied a position of trust is a question of law that this court reviews *de novo. United States v. Young,* 266 F.3d 468 (6th Cir.2001).

The Introductory Commentary to Section 3, Part B of the Sentencing Guidelines provide that the abuse of trust enhancement should be based not only on the "elements and acts cited in the count of conviction," but also all relevant conduct within the scope of § 1B1.3(a). This includes "all acts and omissions ... that occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense," "all acts and omissions ... that were part of the same course of conduct or common scheme or plan as the offense of conviction," as well as "all harm that resulted from [those] acts and omissions." U.S.S.G. §§ 1B1.3(a)(1)-(3). Nance admits he embezzled money from and lied to his employer, with respect to whom he did occupy a position of trust. These acts were conduct relevant to his tax evasion conviction. *See United States v. Young,* 266 F.3d 468 (6th Cir.2001) (embezzlement of employer's funds is relevant conduct to money laundering charge and therefore abuse of trust enhancement applies); *United States v. Cianci,* 154 F.3d 106 (3d Cir.1998) (uncharged embezzlement is rel-

---

seems to be an attempt to avoid either the imposition of severe restitution obligations or—or a considerable fine by muddying the waters regarding his financial affairs and with

these very convoluted transactions, a very clever pattern." (Sentencing Tr. at 3–74, J.A. 181).

evant conduct to tax evasion charge and therefore abuse of trust enhancement applies).

■ Nance counters that the abuse of trust enhancement is double counting because he already received an enhancement under U.S.S.G. § 2T1.1(b)(1) for failing to report income received from criminal activity.[2] Nance apparently believes that since the failure to report the embezzled money was already the basis for his § 2T1.1(b)(1) enhancement, the act of embezzling that money cannot also be the basis for his abuse of trust enhancement. This theory fails, since the conduct underlying each of those enhancements is clearly distinct—failure to report the proceeds from a criminal act on the one hand, and the criminal act itself on the other hand. *See United States v. Farrow*, 198 F.3d 179, 193 (6th Cir.2000) (noting the "well-established rule" that "impermissible 'double counting' occurs when precisely the same aspect of a defendant's conduct factors into his sentence in two separate ways."). The district court properly applied the abuse of trust enhancement.

For the forgoing reasons, we AFFIRM the sentence imposed by the district court.

---

**2.** Section 2T1.1(b) provides: "If the defendant failed to report or to correctly identify the source of income exceeding $10,000 in any year from criminal activity, increase by 2 levels."