999 F.2d 540
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Eric Kelvin BOOKER, Defendant-Appellant.
 No. 92-5924.
 United States Court of Appeals, Sixth Circuit.
 July 21, 1993.
 
 Before: KENNEDY and MARTIN, Circuit Judges; and WISEMAN, District Judge.*
 PER CURIAM.
 
 
 1
 Defendant Eric Kelvin Booker appeals his criminal sentence imposed after his guilty plea for aiding and abetting the distribution of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) (Counts I and II), and aiding and abetting the distribution of cocaine base within 100 feet of a youth center, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C) and 860 (Count III). On appeal, defendant argues (1) that the trial court erred in denying defendant a two-level reduction in offense level for acceptance of responsibility pursuant to section 3E1.1 of the United States Sentencing Guidelines ("Guidelines"), and (2) that his counsel was ineffective by failing to argue that defendant was a minimal or minor participant in the charged offense pursuant to section 3B1.2 of the Guidelines. For the reasons stated below, we affirm.
 
 I.
 
 2
 The record establishes that on three separate occasions, Agent Mike Hannon of the Tennessee Highway Patrol, acting undercover, approached defendant and offered to buy some cocaine base, also known as crack. On each occasion defendant brought a seller to Hannon who then bought .5 grams to .7 grams for $100 to $200. Defendant received $20.00 on each of the latter two occasions and a cut on the earliest occasion.
 
 
 3
 On June 30, 1992, the government filed a motion to revoke defendant's presentence release. Two days later, after a hearing on the government's motion, the trial court revoked defendant's release on the ground that, during release, defendant used and sold cocaine, and had failed to cooperate with law enforcement, in violation of the plea agreement and conditions of release.
 
 
 4
 At sentencing the government moved for an upward departure which the court denied. The court determined the defendant's offense at level 20 and sentenced the defendant to 60 months on each count, to run concurrently. Defendant appeals his sentence.
 
 II.
 
 5
 Defendant first contends that the trial court erred in denying him a two-level reduction in offense level for acceptance of responsibility. The Guidelines provide that "[e]ntry of a plea of guilty prior to the commencement of trial combined with truthful admission of involvement in the offense and related conduct will constitute significant evidence of acceptance of responsibility." U.S.S.G. § 3E1.1, Application Note 5. In the instant case, defendant did plead guilty prior to trial. Accordingly, defendant argues, he has accepted responsibility.
 
 
 6
 The defendant has the burden of demonstrating acceptance of responsibility. United States v. Christoph, 904 F.2d 1036, 1040 (6th Cir.1990), cert. denied, 498 U.S. 1041 (1991). We are mindful that "[t]he sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility. For this reason, the determination of the sentencing judge is entitled to great deference on review." U.S.S.G. § 3E1.1, Application Note 5. This Court will reverse the District Court's finding on acceptance of responsibility only if it is clearly erroneous. United States v. Snyder, 913 F.2d 300, 305 (6th Cir.1990), cert. denied, 498 U.S. 1039 (1991); United States v. Williams, 952 F.2d 1504, 1517 (6th Cir.1991); United States v. Wilson, 878 F.2d 921, 923 (6th Cir.1989).
 
 
 7
 A guilty plea by itself does not entitle a defendant to a sentence reduction as a matter of right. U.S.S.G. § 3E1.1(c); Snyder, 913 F.2d at 305; Christoph, 904 F.2d at 1040; Wilson, 878 F.2d at 923. The evidence provided by a guilty plea "may be outweighed by conduct of the defendant that is inconsistent with such acceptance of responsibility." Id. (emphasis added). The question then is whether the defendant's actions were inconsistent with acceptance of responsibility.
 
 
 8
 Defendant denied any wrongdoing at his arraignment on March 6, 1992, and did not plead guilty until April 8th. In the plea agreement of April 7, 1992, defendant agreed to cooperate fully with law enforcement and the United States Attorney's office, and to abide by all conditions of presentence release. The Order Setting Conditions of Release required the defendant to refrain from any use or possession of controlled substances. At the hearing to revoke presentence release, however, the District Court found that, following his guilty plea, defendant failed to cooperate with law enforcement, and continued to use and sell cocaine base.
 
 
 9
 The record supports these findings. On May 8, 1992, defendant was video taped selling cocaine while on release, a crime for which he has been indicted in Anderson County. On July 1, 1992, defendant tested positive for cocaine and marijuana. At the release revocation hearing on July 2, 1992, FBI Special Agent Michael M. Murphy testified that the defendant failed to provide any assistance whatsoever to law enforcement during his release. At the same hearing, United States Probation Officer Carl Papa, Jr. testified that he had information of defendant's use and sale of cocaine while on release. Officer Papa further testified that defendant was belligerent and uncooperative with the United States Marshals who transported him to the Knox County jail. The District Court also heard testimony from Kathleen Elliot, a nurse for the Knox County Sheriff's Department, who testified that on the previous day, the defendant told her he had smoked crack. In short, as the District Court found, "the defendant is a user, obviously a seller, and obviously has not changed his ways." Joint App. at 151. See United States v. Osborne, 948 F.2d 210, 212 (6th Cir.1991) ("[Defendant] showed no real sign of 'changing his ways.' "). Based on evidence in the record, the District Court's denial of acceptance of responsibility was not error.
 
 III.
 
 10
 Defendant's second contention is that counsel was ineffective by failing to prepare and present evidence at defendant's sentencing hearing whereby "the Court could make a determination of whether or not the defendant was a minimal or minor participant in the commission of the offense." Appellant's Brief at 12. Section 3B1.2 of the Guidelines provides in pertinent part:
 
 
 11
 § 3B1.2 Mitigating Role
 
 
 12
 Based on the defendant's role in the offense, decrease the offense level as follows:
 
 
 13
 (a) If the defendant was a minimal participant in any criminal activity, decrease by 4 levels.
 
 
 14
 (b) If the defendant was a minor participant in any criminal activity, decrease by 2 levels.
 
 
 15
 In cases falling between (a) and (b), decrease by 3 levels.
 
 
 16
 Defendant argues that he is entitled to a downward adjustment because he had a drug habit; purchased only small amounts for others to support his habit; and never possessed any cocaine before being approached by a would-be purchaser. Had his counsel raised and supported this issue at the sentencing hearing, defendant contends, he probably would have received a downward adjustment under section 3B1.2.
 
 
 17
 Generally, this Court will not review an allegation of ineffective assistance of counsel if, as in this case, the issue is raised for the first time on appeal. See United States v. Daniel, 956 F.2d 540, 543 (6th Cir.1992); United States v. Straughter, 950 F.2d 1223, 1224 (6th Cir.1991), cert. denied, 112 S.Ct. 1505 (1992). "Ineffective assistance of counsel claims are best brought by a defendant in a post-conviction proceeding under 28 U.S.C. § 2255 so that the parties can develop an adequate record on the issue. We will consider an ineffective assistance of counsel claim on direct appeal only when the record is adequate to assess the merits of the defendant's allegations." Daniel, 956 F.2d at 543. In this case, because defendant raises his ineffective assistance of counsel claim for the first time on appeal and the record is inadequate to assess the merits of his claim, we will not review it.
 
 IV.
 
 18
 For the foregoing reasons, defendant's sentence is AFFIRMED.
 
 
 
 *
 The Honorable Thomas A. Wiseman, Jr., United States District Judge for the Middle District of Tennessee, sitting by designation